IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIC PEDROZA, On Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 4:16-cv-164 |
| NOISE ATTENUATION CONSTRUCTION, LLC | § § § | COLLECTIVE ACTION |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, ERIC PEDROZA ("Plaintiff"), on behalf of himself and all others similarly situated, files this Complaint against NOISE ATTENUATION CONSTRUCTION, LLC ("Defendant"), showing in support as follows:

### I.   NATURE OF THE CASE

1.   This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during each seven day workweek. Namely, Plaintiff was not paid all overtime wages owed because Defendant failed to include all remuneration required by the FLSA in calculating his regular rate of pay.

2.   Plaintiff files this lawsuit individually and as a FLSA collective action on behalf of all other similarly situated individuals who work/worked for Defendant as oilfield workers, are/were paid an hourly rate of pay, and like Plaintiff, are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward.

3.     Plaintiff and the collective action members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs and post-judgment interest.

## II.      THE PARTIES, JURISDICTION AND VENUE

### A.      Plaintiff Eric Pedroza

4.     Plaintiff is a natural person who resides in Concho County, Texas. He has standing to file this lawsuit.

5.     Plaintiff was employed by Defendant at/from/through its San Angelo, Texas business yard.

### B.      Collective Action Members

6.     The putative collective action members are all current and/or former hourly oilfield worker employees of Defendant who are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek. While their precise job duties might vary somewhat as oilfield worker employees (*i.e.* swamper, laborer, *etc.*), those differences do not matter for purposes of determining their entitlement to overtime pay. Because Defendant did not pay all overtime premium compensation to its hourly oilfield worker employees who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

7.     The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward.

### C.      Defendant Noise Attenuation Construction, LLC

8.     Defendant is a limited liability company organized under the laws of the State of Texas.

9.    During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

10.    Defendant's principal place of business, as listed with the Texas Secretary of State, is 900 Taylor Road, Weatherford, Texas 76087.

11.    At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

12.    At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

13.    At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in or produced for commerce by any person.

14.    For example, Defendant employed two or more employees who regularly engaged in commerce in their daily work. Examples of that commerce include products and services, including rental equipment, offered/provided by Defendant to customers in Texas and states other than Texas and, on information and belief, communications by phone, mail, and internet with customers/prospective customers in Texas and states other than Texas.

15.    Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, vehicles, equipment, frac tanks, acid tanks, mud tanks, containment equipment, fuel, tools, communications equipment, and other goods/materials used in connection with products and services provided to the oil and gas industry by Defendant.

16.     On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

17.     Defendant may be served with summons through its registered agent, Mr. Armando Gutierrez, Sr., 900 Taylor Road, Weatherford, Texas 76087.

**D.     Jurisdiction and Venue**

18.     The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

19.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

20.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

21.     Venue is proper in the United States District Court for the Northern District of Texas because a substantial part of the events giving rise to the claims in this lawsuit occurred in this judicial district. As previously identified, Defendant maintains a its principal place of business in this District and conducts substantial business operations in this District that involved Plaintiff and the putative class members.

22.     Venue is proper in the Fort Worth Division of the United States District Court for the Northern District of Texas because, as previously identified, Defendant maintains its principal place of business within this Division and a substantial part of the events giving rise to the claims in this lawsuit occurred in this Division.

### III.     FACTUAL BACKGROUND

23.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

24.     Defendant provides a variety of oil and gas industry services and products, including noise control for drilling, fracking, and production operations, equipment cleaning, H2S (a/k/a poison gas) safety, flowback and well testing, and equipment rental (the "oilfield business operations").

25.     During times relevant, Defendant provided its oilfield business operations in multiple locations throughout the United States, including Texas, Louisiana, and Oklahoma. Defendant employed, and on information and belief, continues to employee numerous oilfield worker employees that are/were similarly situated to Plaintiff.

26.     Plaintiff was an hourly employee of Defendant who worked in Defendant's oilfield business operations. Plaintiff routinely worked in excess of 40 hours in a seven day workweek as an employee of Defendant.

27.     Plaintiff was a non-exempt employee of Defendant pursuant to the FLSA.

28.     When Plaintiff worked more than 40 hours per seven day workweek, he was entitled to receive overtime premium compensation at the rate of one and one-half times his regular rate of pay for all such hours worked over 40.

29.     In addition to receiving hourly pay, Plaintiff also received additional remuneration, including performance bonuses, well bonuses, other bonuses which were performance based, and taxable per diem.

30.     Although Defendant paid Plaintiff overtime premium compensation for on-the-clock work at one and one-half times his base hourly rate of pay, Defendant failed to include all remuneration required by the FLSA in calculating Plaintiff's regular rate of pay. This resulted in Plaintiff not being paid all overtime compensation owed by Defendant.

31.     While working in Defendant's oilfield business operations, Plaintiff worked with numerous other hourly paid oilfield worker employees of Defendant. Like Plaintiff, those employees routinely work/worked in excess of 40 hours per workweek, are/were entitled to overtime premium compensation at one and one-half times their respective regular rates of pay for all overtime hours worked, are/were paid other remuneration in addition to their hourly rates, such as performance bonuses, well bonuses, other performance based bonuses, and/or taxable per diem, and do not/did not receive all overtime compensation owed by Defendant due to Defendant not including all remuneration required by the FLSA in calculating their respective regular rates of pay.

## IV.     CONTROLLING LEGAL RULES

32.     The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

33.     "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

34.     Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

35.     The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e)

36.     With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1041 (5th Cir. 2010); *Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007).

37.     Bona fide per diem payments which reflect "reasonable payments for traveling expenses, or other expenses incurred by an employee in furtherance of his employer's interests and properly reimbursable by the employer" may be excluded from the regular rate of pay. 29 C.F.R. § 778.216. "[O]nly the actual or reasonably approximate amount of the expense is excludable from the regular rate. If the amount paid as 'reimbursement' is disproportionately large, the excess amount will be included in the regular rate." 29 C.F.R. § 778.217(c).

38.     "The expenses for which reimbursement is made must in order to merit exclusion from the regular rate …, be expenses incurred by the employee on the employer's behalf or for his benefit or convenience. If the employer reimburses the employee for expenses normally incurred by the employee for his own benefit, he is, of course, increasing the employee's regular rate thereby. An employee normally incurs expenses in traveling to and from work, buying lunch, paying rent, and the like. If the employer reimburses him for these normal everyday expenses, the payment is not excluded from the regular rate as 'reimbursement for expenses.' Whether the employer 'reimburses' the employee for such expenses or furnishes the facilities (such as free lunches or free housing), the amount paid to the employee (or the reasonable cost to the employer or fair value where facilities are furnished) enters into the regular rate of pay… ." 29 C.F.R. § 778.217(d).

39.     Where the amount designated by the employer as a per diem allowance is not "reasonably approximated [to the employee's] reimbursable expenses," that per diem payment must be factored into the employee's regular rate of pay. *Gagnon*, 607 F.3d at 1041.

40.     Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

## V.      FLSA CLAIMS

41.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

42.     All conditions precedent to this suit, if any, have been fulfilled.

43.     At relevant times, Defendant is/was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

44.     At relevant times, Defendant is/has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

45.     Plaintiff and putative collective action members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

46.     Plaintiff and the putative collective action members are/were paid an hourly rate of pay by Defendant in addition to other remuneration, such as performance bonuses, well bonuses, other performance based bonuses, and/or taxable per diem.

47.     At material times, Plaintiff and the putative collective action members regularly work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

48.     Defendant is/was required to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven day workweek. 29 U.S.C. § 207(a)(1).

49.     Defendant failed to pay Plaintiff and putative collective action members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

50.     The putative collective action members are/were similarly situated to the Plaintiff and to each other under the FLSA. 29 U.S.C. § 203(e).

51.     Defendant's violations of the FLSA are/were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and the putative collective action members were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek. Plaintiff and the putative collective action members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their FLSA claims.

52.     Plaintiff and the putative collective action members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

## VI.     FLSA COLLECTIVE ACTION

53.     Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (Fish, J.) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (Boyle, J.) (same).

54.     Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of himself and all current and former hourly paid oilfield workers who are/were employed by Defendant and who are/were not paid all overtime compensation owed for all hours worked over 40 in each and every workweek due to Defendant's failure to include all remuneration required

by the FLSA in calculating their respective regular rates of pay relative to the overtime wages owed. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

55.    Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

56.    Plaintiff further reserves the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.    DAMAGES AND PRAYER

57.    Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and all others similarly situated in this Collective Action be awarded a judgment against Defendant or order(s) from the Court for the following:

    a.    An order conditionally certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members;

    b.    All damages allowed by the FLSA, including back overtime wages;

    c.    Liquidated damages in an amount equal to back FLSA mandated wages;

    d.    Legal fees;

    e.    Costs;

    f.    Post-judgment interest;

    g.    All other relief to which Plaintiff and the Collective Action Members are entitled.

Date: February 29, 2016.

Respectfully submitted,


By:     s/ Allen R. Vaught
        Allen R. Vaught
        Attorney-In-Charge
        TX Bar No. 24004966
        Baron & Budd, P.C.
        3102 Oak Lawn Avenue, Suite 1100
        Dallas, Texas  75219
        (214) 521-3605 – Telephone
        (214) 520-1181 – Facsimile
        avaught@baronbudd.com

        ATTORNEYS FOR PLAINTIFF