IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ERIC PEDROZA, On Behalf of Himself and All Others Similarly Situated, § § § | |
| Plaintiff, § § | |
| v. § | CIVIL ACTION NO. 4:16-cv-00164-A |
| § | |
| NOISE ATTENUATION CONSTRUCTION, LLC § § § § | |
| Defendant. § | |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff Eric Pedroza ("Pedroza") respectfully requests that the Court grant default judgment against Defendant, Noise Attenuation Construction, LLC ("Noise Attenuation" or "Defendant"). For the reasons stated in the Memorandum of Law filed in support of this Motion, incorporated by reference, Plaintiff's Motion for Default Judgment should respectfully be granted. Pursuant to Local Rule 7.1(i), Plaintiff incorporates all evidence in support of this Motion in a concurrently filed Appendix.

Respectfully submitted,

By: _____
Allen R. Vaught
TX Bar No. 24004966
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605 – Telephone
(214) 520-1181 – Facsimile
avaught@baronbudd.com

ATTORNEY FOR PLAINTIFF

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................... 1

II. FACTUAL BACKGROUND ................................................................................................ 2

III. ARGUMENTS AND AUTHORITIES ................................................................................. 2

    A. Legal Standard and Standard of Review Regarding Default Judgments. .................. 2

    B. Defendant is an Employer of Plaintiff and Violated the FLSA's Overtime Wage Provisions. ................................................................................................................... 3

        1. FLSA Background. ............................................................................................. 3

        2. Defendant Is an Employer of Plaintiff and an Enterprise Engaged in Commerce Under the FLSA. ................................................................................................ 4

        3. The FLSA's Overtime Wage Requirements Mandate an Award of Damages in this Lawsuit. ....................................................................................................... 5

    C. Damages in this Lawsuit Are Calculable as a Matter of Just and Reasonable Inference. ..................................................................................................................... 6

        1. Plaintiff's Pleading and the FLSA Support a Limitations Period of Three Years Prior to the Filing of this Lawsuit. ...................................................................... 6

        2. How to Calculate Back Overtime Wages in this Lawsuit. ................................. 7

        3. FLSA Recordkeeping Obligations Required Defendant to Maintain Documents Regarding Hours Worked and Remuneration Paid to Plaintiff. ......................... 7

        4. Back Overtime Wages Are Owed to Plaintiff. ................................................. 10

        5. Plaintiff Is Entitled to Liquidated Damages Under the FLSA. ......................... 11

        6. Post-Judgment Interest Is Recoverable in this Case. ........................................ 12

        7. Legal Fees and Costs Will Be Due Upon Entry of Judgment by this Court. ... 12

IV. CONCLUSION ................................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. McWane, Inc.*,
   593 F.3d 449 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 73 (2010)............................................4

*Anderson v. Mt. Clemens Pottery Co.*,
   328 U.S. 680 (1946)..................................................................................................3, 8, 9

*Arnold v. Ben Kanowsky, Inc.*,
   361 U.S. 388 (1960)..............................................................................................................3

*Black v. SettlePou, P.C.*,
   732 F.3d 492 (5th Cir. 2013) ............................................................................................11

*Brock v. Superior Care*,
   840 F.2d 1054 (2d Cir. 1988)..............................................................................................4

*Brooklyn Sav. Bank v. O'Neil*,
   324 U.S. 697 (1945)..........................................................................................................10

*Brown v. Family Dollar Stores of IN, LP*,
   534 F.3d 593 (7th Cir. 2008) ..............................................................................................8

*Corning Glass Works v. Brennan*,
   417 U.S. 188 (1974)............................................................................................................6

*Cox v. Brookshire Grocery Co.*,
   919 F.2d 354 (5th Cir. 1990) ..............................................................................................5

*Donovan v. Hamm's Drive Inn*,
   661 F.2d 316 (5th Cir. 1981) ..............................................................................................8

*Gagnon v. United Technisource, Inc.*,
   607 F.3d 1036 (5th Cir. 2010) ............................................................................................6

*Harvill v. Westward Commc'ns, L.L.C.*,
   433 F.3d 428 (5th Cir. 2005) ..............................................................................................3

*Hoffmann-La Roche Inc. v. Sperling*,
   493 U.S. 165 (1989)..........................................................................................................11

*Integrity Staffing Solutions, Inc. v. Busk*,
   135 S.Ct. 513 (2014)...........................................................................................................3

*J&J Sports Prods., Inc. v. Rivera*,
  No. 3:15-CV-2981-B, 2016 WL 2594492 (N.D. Tex. May 4, 2016) ...................................2, 5

*Marshall v. Hope Garcia Lancarte*,
  632 F.2d 1196 (5th Cir. 1980) ..............................................................................................9

*Marshall v. Mammas Fried Chicken, Inc.*,
  590 F.2d 598 (5th Cir. 1979) ................................................................................................9

*Martin v. Bedell*,
  955 F.2d 1029, 1032 (5th Cir. 1992) ....................................................................................4

*McGavock v. City of Water Valley, Miss.*,
  452 F.3d 423 (5th Cir. 2006) ................................................................................................3

*McLaughlin v. Richland Shoe Co.*,
  486 U.S. 128 (1988) ..............................................................................................................5

*Nero v. Indus. Molding Corp.*,
  167 F.3d 921 (5th Cir. 1999) ..............................................................................................10

*Olibas v. Native Oilfield Servs., LLC*,
  104 F. Supp. 3d 791 (N.D. Tex. 2015) .................................................................................9

*Paul v. Petroleum Equipment Tools Co.*,
  708 F.2d 168 (5th Cir. 1983) ................................................................................................6

*Polycarpe v. E&S Landscaping Service, Inc.*,
  616 F.3d 1217, 1220 (11th Cir. 2010) ..................................................................................5

*Reeves v. Int'l Tel. & Tel. Corp.*,
  705 F.2d 750 (5th Cir. 1983) ..............................................................................................11

*Reich v. S. New England Telecommunications Corp.*,
  121 F.3d 58 (2d Cir. 1997) ...................................................................................................8

*St. Amant v. Knights. Marine and Indus. Servs., Inc.*,
  No. 1:14cv174-HSO-RHW, 2015 WL 4568813 (S.D. Miss. July 28, 2015) .......................6

*Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*,
  321 U.S. 590 (1944) ..............................................................................................................3

*Tyler v. Union Oil Co. of Calif.*,
  304 F.3d 379 (5th Cir. 2002) ..............................................................................................11

*United Artists Corp. v. Freeman*,
  605 F.2d 854 (5th Cir. 1979) ................................................................................................3

*United States v. Darby,*
   312 U.S. 100 (1941) ........................................................................................................... 3

*Vasquez v. Ranieri Cheese Factory,*
   No. 07-CV-464-ENV-VVP, 2010 WL 1223606 (E.D.N.Y. Mar. 26, 2010) ............................. 4

*Walling v. Youngerman-Reynolds Hardwood Co.,*
   325 U.S. 419 (1945) ........................................................................................................... 6

*Wooten v. McDonald Transit Assocs., Inc.,*
   788 F.3d 490 (5th Cir. 2015) ............................................................................................. 3

**Statutes**

29 U.S.C. § 203 ...................................................................................................................... 4, 5

29 U.S.C. § 207 ...................................................................................................................... 4, 6

29 U.S.C. § 211 ......................................................................................................................... 7

29 U.S.C. § 216 ............................................................................................................. 5, 10, 11

29 U.S.C. § 255 ......................................................................................................................... 5

28 U.S.C. § 1961 ..................................................................................................................... 11

Federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ................................................ *passim*

Federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262 ................................................. *passim*

**Other Authorities**

29 C.F.R. § 516.2 ..................................................................................................................... 7

29 C.F.R. § 778.109 ................................................................................................................. 6

29 C.F.R. § 790.22 ................................................................................................................. 10

FED. R. CIV. P. 12(a) ................................................................................................................ 1

FED. R. CIV. P. 55 ................................................................................................................. 1, 2

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR DEFAULT JUDGMENT

### I. INTRODUCTION

On March 1, 2016, Plaintiff filed his Original Complaint seeking damages under the Federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262 (collectively "FLSA"), for Defendant's failure to pay Plaintiff and putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek. (*See* app. pp. 1-13, ECF No. 9, Plaintiff's Original Complaint).

On May 10, 2016, Defendant was served through its registered agent, Mr. Armando Gutierrez, Sr., with an executed summons and all documents filed in the case to that date. (*See* app. pp. 14-19, Proof of Service, ECF No. 10). Accordingly, Defendant was required to answer or otherwise respond to the Complaint on or before May 31, 2016. *See* FED. R. CIV. P. 12(a)(1)(A)(i).

Defendant has failed to answer or otherwise respond to the Complaint served on it in the time provided by the Federal Rules of Civil Procedure, and Plaintiff moved for entry of default by the Clerk of Court on June 7, 2016. (*See* app. pp. 20-32, Motion for Entry of Default, ECF No. 11). On the same day, this Court entered an Order granting Plaintiff's request for entry of default directing that the Clerk enter default, which the Clerk did. (*See* app. p. 33-34, Order and Entry of Default, ECF Nos. 12 & 13).

Since Defendant has indicated its intent to be bound by any judgment entered in this matter, Plaintiff respectfully moves for the Court to grant a default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b)(2).

## II. FACTUAL BACKGROUND

Defendant operated an oilfield services and products company, which provided services including, but not limited, to noise control for drilling, fracking, and productions operations, equipment cleaning, H2S safety services, flowback and well testing, and equipment rentals. (*See* app. p. 35, Declaration of Eric Pedroza ("Pedroza Decl."), ¶ 2). Plaintiff was an hourly paid, non-exempt employee pursuant to the FLSA who worked as a swamper. (*See* app. pp. 35-36, Pedroza Decl., ¶ 3, 4). Plaintiff routinely worked approximately sixty hour long weeks, on average, and as a result completed substantial overtime work for Defendant. (*See* app. p. 37, Pedroza Decl., ¶ 8). As demonstrated by his earning statements, Plaintiff was also paid significant bonus pay in the form of "taxable" per diem pay, generic bonus pay, well bonuses, and performance bonuses. (*See* app. pp. 37, 40-44, Pedroza Decl., ¶ 9, 10, Exhibit 1). That bonus pay was never included in Plaintiff's regular rate of pay for purposes of calculating his overtime premiums despite the fact that Plaintiff routinely worked over forty hours in a seven-day workweek. (*Id.*).

## III. ARGUMENTS AND AUTHORITIES

### A. Legal Standard and Standard of Review Regarding Default Judgments.

A defaulting defendant, "by his default, admits the plaintiff's well-pleaded allegations of fact," is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. *J&J Sports Prods., Inc. v. Rivera*, No. 3:15-CV-2981-B, 2016 WL 2594492, at *2 (N.D. Tex. May 4, 2016) ["*J&J Sports*"] (Boyle, J.) *quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Federal Rule of Civil Procedure 55(b)(2)(B) gives a court discretion to convene an evidentiary hearing on the issue of damages. FED. R. CIV. P. 55(b)(2)(B). *See also*, *J&J Sports*, 2016 WL 2594492, at *2. ("But if [a court] can determine the amount of damages with

mathematical calculation, by referencing the pleadings and supporting documents, a hearing is unnecessary."). *See also, United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). Plaintiff's declaration is the best evidence of hours worked and rates paid since Defendant has failed to participate. Approximations of damages are acceptable where no time records are available due to a defendant's failure to produce them. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946), *superseded on other grounds by statute*, Portal-to-Portal Act of 1947, § 4(a)(1), 29 U.S.C. § 251(a)(1), *as recognized in Integrity Staffing Solutions, Inc. v. Busk*, 135 S.Ct. 513, 519 (2014); *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005).

A court's entry of a default judgment, and its concomitant decision to refuse to set aside a default judgment, is reviewed for abuse of discretion. *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, *495 (5th Cir. 2015). Factual determinations underlying the decision are reviewed for clear error. *Id.* at 495-96.

### B. Defendant is an Employer of Plaintiff and Violated the FLSA's Overtime Wage Provisions.

#### 1. FLSA Background.

The FLSA is a remedial statute designed to remedy substandard labor conditions which Congress declared "injurious to the commerce and to the state from which the commerce flows." *United States v. Darby,* 312 U.S. 100, 115 (1941). The Supreme Court instructs that the FLSA should not be "interpreted or applied in a narrow, grudging manner." *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944) *superseded on other grounds by statute*, Portal-to-Portal Act of 1947, § 4(a)(1), 29 U.S.C. § 251(a)(1), *as recognized in Integrity Staffing Solutions, Inc. v. Busk*, 135 S.Ct. 513, 519 (2014). It is well established law that the FLSA should be construed "liberally in favor of employees." *Arnold v. Ben Kanowsky, Inc.*, 361

U.S. 388, 392 (1960); *McGavock v. City of Water Valley, Miss.*, 452 F.3d 423, 424 (5th Cir. 2006); *Allen v. McWane, Inc.*, 593 F.3d 449, 452 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 73 (2010).

2. **Defendant Is an Employer of Plaintiff and an Enterprise Engaged in Commerce Under the FLSA.**

The FLSA defines the term "employer" as "includ[ing] any person acting directly or indirectly in the interest of an employer in relation to an employee. . . ." 29 U.S.C. § 203(d). The term "employer" is interpreted broadly for determining liability for claims of unpaid wages. *Vasquez v. Ranieri Cheese Factory*, 07-CV-464-ENV-VVP, 2010 WL 1223606, at *9 (E.D.N.Y. Mar. 26, 2010), citing *Falk v. Brennan*, 414 U.S. 190, 195 (1973); *Brock v. Superior Care*, 840 F.2d 1054, 1058 (2d Cir. 1988) (finding that FLSA's definition of employer "is necessarily a broad one in accordance with the remedial purposes of the Act").

The FLSA also requires that employers be covered enterprises engaging in commerce. *See* 29 U.S.C. § 207(a). In order for the FLSA to apply in a given situation, plaintiffs must establish that defendant-employers meet certain threshold requirements in order to be covered by the FLSA. "The FLSA guarantees overtime pay to employees engaged in the production of goods for commerce ("individual coverage") *or* employed in an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage"). *Either* individual *or* enterprise coverage is enough to invoke FLSA protection." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (internal quotations omitted) (emphasis in original).

Here, Plaintiff's Original Complaint states, and based on his earning statements it should be undisputed that, Noise Attenuation was his employer under the FLSA. (*See* app. p. 8, Original Complaint, ECF No. 9, ¶¶ 43-46; app. p. 35, Pedroza Decl., ¶ 1-3).

Specifically, an employer is an enterprise covered by the FLSA "if it 1) 'has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and 2) has at least $500,000 of 'annual gross volume of sales made or business done.'" *Polycarpe v. E&S Landscaping Service, Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) (quoting 29 U.S.C. § 203(s)(1)(A)).

Plaintiff has identified in his Original Complaint that Defendant was an enterprise engaged in commerce. (*See* app. p. 8, Original Complaint, ECF No. 9, ¶¶ 43-46). In default judgments, all well-pleaded facts are to be taken in the favor of the moving party, and thus enterprise coverage is established in the pleadings. *See J&J Sports*, 2016 WL 2594492, at *2

3. **The FLSA's Overtime Wage Requirements Mandate an Award of Damages in this Lawsuit.**

The FLSA's overtime wage provision states "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a).

Plaintiff has identified in his Original Complaint that Defendant was an enterprise engaged in commerce. (*See* app. p. 8, Original Complaint, ECF No. 9, ¶¶ 43-46). He has also demonstrated that he regularly worked more than 40 hours in a seven-day workweek, but was not paid overtime compensation as required by the FLSA. (*See* app. p. 8, Original Complaint, ECF

No. 9, ¶ 47; app. p. 36, Pedroza Decl., ¶ 4). As a result, Defendant has violated the FLSA's overtime wage provision as to Plaintiff.

### C. Damages in this Lawsuit Are Calculable as a Matter of Just and Reasonable Inference.

An employer who violates the FLSA's overtime wage provision is liable to the affected employee for back overtime wages, liquidated damages, and mandatory legal fees and costs. 29 U.S.C. § 216(b).

#### 1. Plaintiff's Pleading and the FLSA Support a Limitations Period of Three Years Prior to the Filing of this Lawsuit.

The FLSA provides for a two year statute of limitations for violations of the statute. 29 U.S.C. § 255(a). However, that time period may be extended to three years if the employer's conduct was in willful violation of the law. *Id. See also, Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990). A violation of the FLSA is willful if the employer either knew its conduct violated the FLSA or showed reckless disregard for whether its conduct complied with the law. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Cox*, 919 F.2d at 356. Here, Plaintiff's Original Complaint alleges willful violations of the FLSA by Defendant and those allegations permit the maximum limitations period allowed by the FLSA – three years preceding the date the lawsuit was filed and forward. (*See* app. p. 9, Original Complaint, ECF No. 9, ¶ 51).

Plaintiff filed his Original Complaint in this lawsuit on March 1, 2016. (*See* app. pp. 1-13, Original Complaint, ECF No. 9). Therefore, the maximum FLSA limitations period allows for a recovery by Plaintiff from March 1, 2013 to the present. Here, Plaintiff seeks damages for work completed from approximately November of 2013 to approximately January of 2015, which is within the three year maximum FLSA limitations period. (*See* app. p. 35, Pedroza Decl., ¶ 3).

## 2. How to Calculate Back Overtime Wages in this Lawsuit.

An employee is owed time and one-half his or her regular rate of pay for all hours worked over 40 in a seven day workweek. 29 U.S.C. § 207(a); *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974); *Paul v. Petroleum Equipment Tools Co.,* 708 F.2d 168, 170 (5th Cir. 1983).

The "regular rate" is the hourly rate actually paid to the employee for the normal, non-overtime workweek for which he/she is employed. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945). Although the "regular rate" is a rate per hour, the FLSA does not require employers to compensate overtime eligible employees on an hourly basis. 29 C.F.R. § 778.109. The FLSA requires inclusion in the "regular rate" of "all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e). *See also, Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1041 (5th Cir. 2010) ("The regular rate by its very nature must reflect all payments which the parties have agreed shall be received regularly during the workweek, exclusive of overtime payments.").

Where, as here, a defendant fails to include bonus payments in the regular rate of pay, the half-time rate of the overtime premium was paid wrongly. *See, e.g.*, *St. Amant v. Knights. Marine and Indus. Servs., Inc.*, No. 1:14cv174-HSO-RHW, 2015 WL 4568813, at *11 (S.D. Miss. July 28, 2015) ("Plaintiffs' regular rates under the FLSA for each workweek must be calculated by adding their hourly regular or "straight" time payments, for both regular and overtime hours, to their hourly per diem payments, for both regular and overtime hours."). This is the method by which Plaintiff's damages have been calculated in this case.

## 3. FLSA Recordkeeping Obligations Required Defendant to Maintain Documents Regarding Hours Worked and Remuneration Paid to Plaintiff.

Federal law requires Defendant to have made and maintained accurate and detailed payroll data for Plaintiff. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. The regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments for all non-exempt employees. *See* 29 C.F.R. § 516.2(a)&(b). Plaintiff, who worked as a swamper employee for Defendant, was undoubtedly a non-exempt employee as stated in his Complaint. (*See* app. p. 5, Original Complaint, ECF No. 9, ¶ 27).

In situations where the employer maintains accurate and detailed employment records, such as the regular rate data required by 29 C.F.R. § 516.2(a)(6), the question of how to calculate the regular rate is simple. However, in situations such as this, where the employer fails to satisfy the federal recordkeeping requirements, alternative damages calculations by "just and reasonable inference" which are "approximate" are both permitted and required. As set forth by the Supreme Court:

> When the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records. But where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes a more difficult problem arises. The solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the [FLSA]. In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and

extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the . . . [FLSA]. And even where the lack of accurate records grows out of a bona fide mistake as to whether certain activities or non-activities constitute work, the employer, having received the benefits of such work, cannot object to the payment for the work on the most accurate basis possible under the circumstances. Nor is such a result to be condemned by the rule that precludes the recovery of uncertain and speculative damages. That rule applies only to situations where the fact of damage is itself uncertain. But here we are assuming that the employee has proved that he has performed work and has not been paid in accordance with the statute. The damage is therefore certain. The uncertainty lies only in the amount of damages arising from the statutory violation by the employer. In such a case 'it would be a perversion of fundamental principles of justice to deny all relief to the injured person, and thereby relieve the wrongdoer from making any amend for his acts.' It is enough under these circumstances if there is a basis for a reasonable inference as to the extent of the damages."

*Anderson*, 328 U.S. at 687-88 (1946) (emphasis added) (internal citation omitted).

This principle of determining damages by "just and reasonable inference" with "approximate" calculations has long been followed since *Anderson*. *See, e.g., Brown v. Family Dollar Stores of IN, LP*, 534 F.3d 593, 595 (7th Cir. 2008) (calculating damages by "just and reasonable inference" appropriate where employer failed to satisfy FLSA's record keeping obligations); *Reich v. S. New England Telecommunications Corp.*, 121 F.3d 58, 67 (2d Cir. 1997) (permitting damages by "just and reasonable inference" based on testimony of representative sample of plaintiffs as opposed to testimony from every plaintiff"); *Donovan v. Hamm's Drive Inn*, 661 F.2d 316, 318 (5th Cir. 1981) ("Evidence used to calculate wages owed need not be perfectly accurate, since the employee should not be penalized when the inaccuracy is due to a defendant's failure to keep adequate records."); *Marshall v. Hope Garcia Lancarte*,

632 F.2d 1196, 1197-98 (5th Cir. 1980) (same); *Marshall v. Mammas Fried Chicken, Inc.*, 590 F.2d 598, 599 (5th Cir. 1979) (same); *Olibas v. Native Oilfield Servs., LLC*, 104 F. Supp. 3d 791, 800 (N.D. Tex. 2015) (FLSA overtime truck driver case holding that, when the employer failed to produce an accurate record of the hours worked and pay received, the employees were permitted to prove damages by "just and reasonable inference" based on testimony of approximate hours worked and pay received.").

4. **Back Overtime Wages Are Owed to Plaintiff.**

Here, since Defendant has not produced records of the actual hours worked and pay received by Plaintiff for each relevant workweek, Plaintiff must prove his damages by just and reasonable inference in consonance with *Anderson*.

Plaintiff testifies that he generally worked approximately 20 hours of overtime per week and that his hourly rate was generally $13.00 per hour. (*See* app. pp. 36-37, Pedroza Decl., ¶¶ 7-8). His earning statements corroborate his testimony. (*See* app. pp. 40-44, Exhibit 1 to Pedroza Decl.). As Plaintiff has access to certain earning statements which demonstrate the year-to-date amount of pay he received for approximately 36.5 weeks worked, Plaintiff's average weekly unpaid overtime wages are calculable for that period, and total to approximately $33.06 damages per week. As Plaintiff worked for about 59 total weeks, his total damages amount to $1,950.50. (*See* app. pp. 37-38, Pedroza Decl., ¶¶ 9-11). Plaintiff's damage calculations are summarized below.

**Back Overtime Wages Owed to Plaintiff**

Case 4:16-cv-00164-A Document 14 Filed 07/08/16 Page 16 of 18 PageID 90

| Weeks* | Total Add'l Remuneration (see below) | Average Add'l Weekly Remuneration | Average Weekly Hours | Average Hourly Add'l Remuneration | Add'l OT Premium at Half-Time | Add'l Weekly Overtime | Total Weeks Worked Less One Week Vacation | Total Unpaid Overtime Wages |
|---|---|---|---|---|---|---|---|---|
| 36.5 | $7,240 | $198.36 | 60 | $3.31 | $1.65 | $33.06 | 59 | $1,950.50 |

| | |
|---|---|
| | w/ Liquidated  $3,901.00 |

| | |
|---|---|
| *Taxable Per Diem* | $3,240 |
| *Well Bonus* | $400 |
| *"Bonus"* | $150 |
| *Performance Bonus* | $3,450 |

\* Based on year to date totals from Plaintiff's earning statement for the pay period from September 8, 2014 through September 21, 2014.

(*See* app. p. 47, Overtime Wage Calculation Summary).

### 5. Plaintiff Is Entitled to Liquidated Damages Under the FLSA.

Finally, Plaintiff requests that this Court award him liquidated damages in an amount equal to the back overtime wages he has demonstrated. Liquidated damages "constitute[] compensation for the retention of a workman's pay" where the required wages are not paid on time. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945). *See also*, 29 C.F.R. § 790.22. Employers who violate the FLSA's overtime provisions "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (emphasis added). There is a strong presumption in favor of imposing full liquidated damages under the FLSA. *See Nero v. Indus. Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999).

Accordingly, Plaintiff seeks liquidated damages in the amount of $1,950.50. (*See* app. p. 38, Pedroza Decl., ¶ 12).

*Memorandum of Law in Support of Plaintiff's Motion for Default Judgment – Page 11*

### 6. Post-Judgment Interest Is Recoverable in this Case.

Plaintiff is entitled to an award of post-judgment interest at the prevailing rate. 28 U.S.C. § 1961(a) ("[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."). *See also Reeves v. Int'l Tel. & Tel. Corp.*, 705 F.2d 750,751-52 (5th Cir. 1983) (FLSA case awarding post-judgment interest). Should the Court enter a default judgment in this action, post-judgment interest should be included.

### 7. Legal Fees and Costs Will Be Due Upon Entry of Judgment by this Court.

The FLSA provides that "[t]he Court . . . shall, in addition to any judgment awarded to the plaintiff . . ., allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 167 (1989). An award of attorney's fees and costs to a prevailing plaintiff is mandatory. *Tyler v. Union Oil Co. of Calif.*, 304 F.3d 379, 404 (5th Cir. 2002); *see also, Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) ("Under the FLSA, an employer who violates the statute is also required to pay attorney's fees.").

Should the Court enter a default judgment in favor of Plaintiff, then Plaintiff respectfully requests that the Court allow him 14 days from the entry of such order to submit a fee and cost petition to the Court.

### IV. CONCLUSION

WHEREFORE, Plaintiff applies for a default judgment in favor of Plaintiff and against Defendant in the amount of $3,901.00, with post-judgment interest to accrue at the current judgment rate. Plaintiff requests that, upon becoming the prevailing party, he be allowed to move separately for attorneys' fees and costs within 14 days of an Order granting this Motion.

[*signature block on following page*]

Respectfully submitted,

By: _____
Allen R. Vaught
TX Bar No. 24004966
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605 – Telephone
(214) 520-1181 – Facsimile
avaught@baronbudd.com

ATTORNEY FOR PLAINTIFF