

FILED
FT. WORTH DIVN.

2016 JUL -8  AM 11: 23

CLERK OF COURT

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIC PEDROZA, On Behalf of Himself and All Others Similarly Situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>NOISE ATTENUATION CONSTRUCTION, LLC<br><br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:16-cv-00164-A |

## PLAINTIFF'S APPENDIX IN SUPPORT OF HIS MOTION FOR DEFAULT JUDGMENT

Pursuant to Local Rule 7.1(i), Plaintiff files this Appendix in Support of his Motion for Default Judgment. Each page of this Appendix is numbered sequentially in the lower, right-hand corner.

## I.　DOCUMENTS IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

In support of Plaintiff's Motion for Default Judgment (the "Motion"), Plaintiff relies on the pleadings on file in this case as indicated in the Motion and the following evidence:

| Exhibit | Document | Pages |
|---|---|---|
| A | Plaintiff's Original Complaint (ECF No. 9) | 1-13 |
| B | Proof of Service (ECF No. 10) | 14-19 |
| C | Motion for Entry of Default (ECF No. 11) | 20-32 |
| D | Order (ECF No. 12) | 33 |

| | | |
|---|---|---|
| E | Entry of Default (ECF No. 13) | 34 |
| F | Declaration of Eric Pedroza | 35-46 |
| G | Overtime Wage Calculation Summary | 47 |

Respectfully submitted,

By: _____

Allen R. Vaught
TX Bar No. 24004966
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605 – Telephone
(214) 520-1181 – Facsimile
avaught@baronbudd.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT A

ORIGINAL



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIC PEDROZA, On Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 4:16-cv-164-A |
| NOISE ATTENUATION CONSTRUCTION, LLC | § § § | COLLECTIVE ACTION |
| Defendant. | § § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, ERIC PEDROZA ("Plaintiff"), on behalf of himself and all others similarly situated, files this Complaint against NOISE ATTENUATION CONSTRUCTION, LLC ("Defendant"), showing in support as follows:

### I.   NATURE OF THE CASE

1.     This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during each seven day workweek. Namely, Plaintiff was not paid all overtime wages owed because Defendant failed to include all remuneration required by the FLSA in calculating his regular rate of pay.

2.     Plaintiff files this lawsuit individually and as a FLSA collective action on behalf of all other similarly situated individuals who work/worked for Defendant as oilfield workers, are/were paid an hourly rate of pay, and like Plaintiff, are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward.

*Plaintiff's Original Complaint*                                                                                  1

3.     Plaintiff and the collective action members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs and post-judgment interest.

## II.     THE PARTIES, JURISDICTION AND VENUE

### A.     Plaintiff Eric Pedroza

4.     Plaintiff is a natural person who resides in Concho County, Texas. He has standing to file this lawsuit.

5.     Plaintiff was employed by Defendant at/from/through its San Angelo, Texas business yard.

### B.     Collective Action Members

6.     The putative collective action members are all current and/or former hourly oilfield worker employees of Defendant who are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek. While their precise job duties might vary somewhat as oilfield worker employees (*i.e.* swamper, laborer, *etc.*), those differences do not matter for purposes of determining their entitlement to overtime pay. Because Defendant did not pay all overtime premium compensation to its hourly oilfield worker employees who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

7.     The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward.

### C.     Defendant Noise Attenuation Construction, LLC

8.     Defendant is a limited liability company organized under the laws of the State of Texas.

*Plaintiff's Original Complaint*                                                                                         2

9.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

10.     Defendant's principal place of business, as listed with the Texas Secretary of State, is 900 Taylor Road, Weatherford, Texas 76087.

11.     At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

12.     At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

13.     At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in or produced for commerce by any person.

14.     For example, Defendant employed two or more employees who regularly engaged in commerce in their daily work. Examples of that commerce include products and services, including rental equipment, offered/provided by Defendant to customers in Texas and states other than Texas and, on information and belief, communications by phone, mail, and internet with customers/prospective customers in Texas and states other than Texas.

15.     Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, vehicles, equipment, frac tanks, acid tanks, mud tanks, containment equipment, fuel, tools, communications equipment, and other goods/materials used in connection with products and services provided to the oil and gas industry by Defendant.

16.     On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

17.     Defendant may be served with summons through its registered agent, Mr. Armando Gutierrez, Sr., 900 Taylor Road, Weatherford, Texas 76087.

**D.     Jurisdiction and Venue**

18.     The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

19.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

20.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

21.     Venue is proper in the United States District Court for the Northern District of Texas because a substantial part of the events giving rise to the claims in this lawsuit occurred in this judicial district. As previously identified, Defendant maintains a its principal place of business in this District and conducts substantial business operations in this District that involved Plaintiff and the putative class members.

22.     Venue is proper in the Fort Worth Division of the United States District Court for the Northern District of Texas because, as previously identified, Defendant maintains its principal place of business within this Division and a substantial part of the events giving rise to the claims in this lawsuit occurred in this Division.

### III.     FACTUAL BACKGROUND

23.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

*Plaintiff's Original Complaint*                                                                                   4

24.     Defendant provides a variety of oil and gas industry services and products, including noise control for drilling, fracking, and production operations, equipment cleaning, H2S (a/k/a poison gas) safety, flowback and well testing, and equipment rental (the "oilfield business operations").

25.     During times relevant, Defendant provided its oilfield business operations in multiple locations throughout the United States, including Texas, Louisiana, and Oklahoma. Defendant employed, and on information and belief, continues to employee numerous oilfield worker employees that are/were similarly situated to Plaintiff.

26.     Plaintiff was an hourly employee of Defendant who worked in Defendant's oilfield business operations. Plaintiff routinely worked in excess of 40 hours in a seven day workweek as an employee of Defendant.

27.     Plaintiff was a non-exempt employee of Defendant pursuant to the FLSA.

28.     When Plaintiff worked more than 40 hours per seven day workweek, he was entitled to receive overtime premium compensation at the rate of one and one-half times his regular rate of pay for all such hours worked over 40.

29.     In addition to receiving hourly pay, Plaintiff also received additional remuneration, including performance bonuses, well bonuses, other bonuses which were performance based, and taxable per diem.

30.     Although Defendant paid Plaintiff overtime premium compensation for on-the-clock work at one and one-half times his base hourly rate of pay, Defendant failed to include all remuneration required by the FLSA in calculating Plaintiff's regular rate of pay. This resulted in Plaintiff not being paid all overtime compensation owed by Defendant.

*Plaintiff's Original Complaint*                                                            5

31.     While working in Defendant's oilfield business operations, Plaintiff worked with numerous other hourly paid oilfield worker employees of Defendant. Like Plaintiff, those employees routinely work/worked in excess of 40 hours per workweek, are/were entitled to overtime premium compensation at one and one-half times their respective regular rates of pay for all overtime hours worked, are/were paid other remuneration in addition to their hourly rates, such as performance bonuses, well bonuses, other performance based bonuses, and/or taxable per diem, and do not/did not receive all overtime compensation owed by Defendant due to Defendant not including all remuneration required by the FLSA in calculating their respective regular rates of pay.

## IV.    CONTROLLING LEGAL RULES

32.     The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

33.     "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

34.     Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

*Plaintiff's Original Complaint*                                                                      6

35.     The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e)

36.     With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1041 (5th Cir. 2010); *Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007).

37.     Bona fide per diem payments which reflect "reasonable payments for traveling expenses, or other expenses incurred by an employee in furtherance of his employer's interests and properly reimbursable by the employer" may be excluded from the regular rate of pay. 29 C.F.R. § 778.216. "[O]nly the actual or reasonably approximate amount of the expense is excludable from the regular rate. If the amount paid as 'reimbursement' is disproportionately large, the excess amount will be included in the regular rate." 29 C.F.R. § 778.217(c).

38.     "The expenses for which reimbursement is made must in order to merit exclusion from the regular rate …, be expenses incurred by the employee on the employer's behalf or for his benefit or convenience. If the employer reimburses the employee for expenses normally incurred by the employee for his own benefit, he is, of course, increasing the employee's regular rate thereby. An employee normally incurs expenses in traveling to and from work, buying lunch, paying rent, and the like. If the employer reimburses him for these normal everyday expenses, the payment is not excluded from the regular rate as 'reimbursement for expenses.' Whether the employer 'reimburses' the employee for such expenses or furnishes the facilities (such as free lunches or free housing), the amount paid to the employee (or the reasonable cost to the employer or fair value where facilities are furnished) enters into the regular rate of pay… ." 29 C.F.R. § 778.217(d).

*Plaintiff's Original Complaint*                                                                                       7

39.     Where the amount designated by the employer as a per diem allowance is not "reasonably approximated [to the employee's] reimbursable expenses," that per diem payment must be factored into the employee's regular rate of pay. *Gagnon*, 607 F.3d at 1041.

40.     Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

### V.     FLSA CLAIMS

41.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

42.     All conditions precedent to this suit, if any, have been fulfilled.

43.     At relevant times, Defendant is/was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

44.     At relevant times, Defendant is/has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

45.     Plaintiff and putative collective action members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

46.     Plaintiff and the putative collective action members are/were paid an hourly rate of pay by Defendant in addition to other remuneration, such as performance bonuses, well bonuses, other performance based bonuses, and/or taxable per diem.

47.     At material times, Plaintiff and the putative collective action members regularly work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

48.     Defendant is/was required to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven day workweek. 29 U.S.C. § 207(a)(1).

*Plaintiff's Original Complaint*                                                                                      8

49.     Defendant failed to pay Plaintiff and putative collective action members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

50.     The putative collective action members are/were similarly situated to the Plaintiff and to each other under the FLSA. 29 U.S.C. § 203(e).

51.     Defendant's violations of the FLSA are/were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and the putative collective action members were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek. Plaintiff and the putative collective action members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their FLSA claims.

52.     Plaintiff and the putative collective action members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

## VI.     FLSA COLLECTIVE ACTION

53.     Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (Fish, J.) (certifying nationwide collective action in FLSA case); *see also, Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (Boyle, J.) (same).

54.     Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of himself and all current and former hourly paid oilfield workers who are/were employed by Defendant and who are/were not paid all overtime compensation owed for all hours worked over 40 in each and every workweek due to Defendant's failure to include all remuneration required

*Plaintiff's Original Complaint*                                                          9

by the FLSA in calculating their respective regular rates of pay relative to the overtime wages owed. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

55.     Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

56.     Plaintiff further reserves the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.   DAMAGES AND PRAYER

57.     Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and all others similarly situated in this Collective Action be awarded a judgment against Defendant or order(s) from the Court for the following:

      a.    An order conditionally certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members;

      b.    All damages allowed by the FLSA, including back overtime wages;

      c.    Liquidated damages in an amount equal to back FLSA mandated wages;

      d.    Legal fees;

      e.    Costs;

      f.    Post-judgment interest;

      g.    All other relief to which Plaintiff and the Collective Action Members are entitled.

Date: February 29, 2016.

*Plaintiff's Original Complaint*                                10

Respectfully submitted,

By:

Allen R. Vaught
Attorney-In-Charge
TX Bar No. 24004966
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605 – Telephone
(214) 520-1181 – Facsimile
avaught@baronbudd.com

ATTORNEYS FOR PLAINTIFF

JS 44-TXND (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ERIC PEDROZA, On Behalf of Himself and All Others Similarly Situated, | NOISE ATTENUATION CONSTRUCTION, LLC |

**(b)** County of Residence of First Listed Plaintiff   Concho County, TX
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Allen R. Vaught, Baron & Budd, P.C., 3102 Oak Lawn Ave, Suite 1100, Dallas, Texas 75219, (214) 521-3605.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question
(U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §§ 201-219 and 29 U.S.C. §§ 251-262.
Brief description of cause:
Failure to pay all overtime wages owed.

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND: ☐ Yes ☒ No |
|---|---|---|---|

**VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY** *(See instructions):*   JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 02/29/2016 | *Allen R. Vaught* |

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

JS 44-TXND Reverse (Rev. 12/12)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.   **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or a similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Attorney Signature.** Date and sign the civil cover sheet.

# EXHIBIT B

ORIGINAL

2016 MAY 13 PM 3: 5:25
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ERIC PEDROZA, On Behalf of Himself and    §
All Others Similarly Situated,            §
                                          §
        Plaintiff,                        §
                                          §
V.                                        §        CIVIL ACTION NO. 4:16-cv-00164-A
                                          §
NOISE ATTENUATION CONSTRUCTION,           §
LLC                                       §
                                          §
        Defendant.                        §

## PLAINTIFF'S NOTICE OF PROOF OF SERVICE

Plaintiff Eric Pedroza ("Plaintiff" or "Pedroza"), by and through counsel, files this,

Plaintiff's Notice of Proof of Service confirming that Defendant Noise Attenuation Construction,

LLC ("Defendant" or "Noise Attenuation") was served with Summons issued (Dkt. No. 4) and

the following documents in the above-styled cause:

1. Plaintiff's Original Complaint, filed by Plaintiff Eric Pedroza on February 29, 2016
   via the CM/ECF method (Dkt. Nos. 1 & 5) and sent to this Court via hand delivery on
   the same date.

2. Plaintiff's Civil Cover sheet, filed by Plaintiff Eric Pedroza on February 29, 2016 via
   the CM/ECF method (Dkt. No. 1-1) and sent to this Court via hand delivery on the
   same date.

3. Consent to Proceed Before a United States Magistrate Judge (Dkt. No. 2), generated
   by this Court's ECF system.

4. Standing Order – Concerning Paper Filing in Cases Assigned to U.S. District Judge
   John McBryde (Dkt. No. 3), generated by this Court's ECF system.

*Plaintiff's Notice of Proof of Service – Page 1*

5. Plaintiff's Notice of Filing of Notice of Consent (Dkt. No. 6) – filed on February 29, 2016, via hand delivery to the Clerk of Court (file stamped).

6. Plaintiff's Certificate of Interested Parties (Dkt. No. 7) – filed on February 29, 2016, via hand delivery to the Clerk of Court (file stamped).

7. Order Striking Complaint (Dkt. No. 8) – dated March 1, 2016 (file stamped).

8. Plaintiff's Original Complaint (Dkt. No. 9) – filed on March 1, 2016 (file stamped).

As demonstrated in the attached affidavit entitled "Return of Service," which complies with the suggested form outlined in this Court's Status Report Order at pages 13-14, Defendant's registered agent, Mr. Armando Gutierrez, Sr., was served with the Summons and above-described documents on May 10, 2016 at 7:20 o'clock p.m. by Mr. Gary Thornton, an authorized private process server.

DATED: May 13, 2016

Respectfully submitted,

By:    _Allen R. Vaught_

Allen R. Vaught
TX Bar No. 24004966
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605 – Telephone
(214) 520-1181 – Facsimile
avaught@baronbudd.com

ATTORNEYS FOR PLAINTIFF

*Plaintiff's Notice of Proof of Service – Page 2*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIC PEDROZA, On Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 4:16-cv-00164-A |
| NOISE ATTENUATION CONSTRUCTION, LLC | § § § | |
| Defendant. | § § § | |

## RETURN OF SERVICE

Before me, the undersigned authority, personally appeared GARY THORNTON, who, after having been duly sworn by me, upon his oath deposed and said as follows:

"I hereby certify that: At _*1:27*_ o'clock _*P*_.m. on _*5·3*_, 2016, I received for service the original and copy of a summons issued in the above-captioned action directed to Noise Attenuation Construction, LLC, via its registered agent, Mr. Armando Gutierrez, Sr., 900 Taylor Road, Weatherford, Texas 76087. I further received copies of the following documents, which were served on Defendant, Noise Attenuation Construction, LLC, which were attached to the original of such summons:

1. Plaintiff's Original Complaint, filed by Plaintiff Eric Pedroza on February 29, 2016 via the CM/ECF method (Dkt. Nos. 1 & 5) and sent to this Court via hand delivery on the same date.

*Return of Service*                                                                                    1

2.   Plaintiff's Civil Cover sheet, filed by Plaintiff Eric Pedroza on February 29, 2016 via the CM/ECF method (Dkt. No. 1-1) and sent to this Court via hand delivery on the same date.

3.   Consent to Proceed Before a United States Magistrate Judge (Dkt. No. 2), generated by this Court's ECF system.

4.   Standing Order – Concerning Paper Filing in Cases Assigned to U.S. District Judge John McBryde (Dkt. No. 3), generated by this Court's ECF system.

5.   Plaintiff's Notice of Filing of Notice of Consent (Dkt. No. 6) – filed on February 29, 2016, via hand delivery to the Clerk of Court (file stamped).

6.   Plaintiff's Certificate of Interested Parties (Dkt. No. 7) – filed on February 29, 2016, via hand delivery to the Clerk of Court (file stamped).

7.   Order Striking Complaint (Dkt. No. 8) – dated March 1, 2016 (file stamped).

8.   Plaintiff's Original Complaint (Dkt. No. 9) – filed on March 1, 2016 (file stamped).

I executed the summons issued (Document 4) by personally delivering to Mr. Armando Gutierrez, Sr., registered agent for Noise Attenuation Construction, LLC, the original summons and each document listed above (1-8) at 7:20 o'clock p.m. on May 10, 2016. Mr. Armando Gutierrez, Sr., is authorized by Noise Attenuation Construction, LLC to receive such summons on its behalf.

I endorsed on the original of such summons when I delivered it the date of delivery. Such delivery occurred at:

833 Soapberry Drive

Weatherford, Texas 76086.

*Return of Service*                                                                          2

A copy of the summons I delivered is attached to this Return of Service as

**Exhibit 1**.

I further certify that I am over the age of eighteen, and that I am not a party to the

above-captioned action."

GARY THORNTON

*1601 GILL ST*
Street Address

*FT WORTH*, Texas *76131*
City                        Zip Code

Service Fee:   $ 310

Subscribed and sworn to before me, the undersigned authority, on this 13 day

of May, 20 16, by:

Notary Public in and for the State of Texas

My Commission Expires: Sept. 29 20 18

MEGAN NULL
Notary Public, State of Texas
My Commission Expires
September 29, 2018

[STAMP]

*Return of Service*                                                           3

# EXHIBIT C



Case 4:16-cv-00164-A Document 11 Filed 06/07/16 Page 1 of 13 PageID 59

ⓒTJ
ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN - 7 2016

12:24 pm

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ERIC PEDROZA, On Behalf of Himself and     §
All Others Similarly Situated,              §
                                            §
          Plaintiff,                        §
                                            §
V.                                          §     CIVIL ACTION NO. 4:16-cv-00164-A
                                            §
NOISE ATTENUATION CONSTRUCTION,             §
LLC                                         §
                                            §
          Defendant.                        §

## PLAINTIFF'S RULE 55(a) MOTION FOR ENTRY OF DEFAULT BY CLERK

Pursuant to Federal Rule of Civil Procedure 55(a), Plaintiff Eric Pedroza, on behalf of himself and all others similarly situated, respectfully requests that the Clerk enter default against Defendant Noise Attenuation Construction, LLC ("Noise Attenuation" or "Defendant"). As grounds for this request, Plaintiff states as follows:

1.    On March 1, 2016, Plaintiff filed his Original Complaint seeking damages under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek. (ECF No. 9).

2.    On May 10, 2016, Defendant was served with the Summons, Complaint, and other documents filed in the case up to that point as delineated in Plaintiff's Notice of Proof of Service. (ECF No. 10 – Plaintiff's Notice of Proof of Service). Accordingly, Defendant was required to answer or otherwise respond to the Complaint on or before May 31, 2016. A true and correct copy of the return of service is attached hereto as Exhibit A.

*Plaintiff's Rule 55(a) Motion for Entry of Default by Clerk - Page 1*

3.      Defendant failed to answer or otherwise respond to the Complaint in the time provided by the Federal Rules of Civil Procedure, and thus has indicated its intent to be bound by any judgment entered in this matter. Therefore, Plaintiff respectfully requests that the Clerk enter default against Defendant.

4.      The declaration of Allen Vaught, attorney for Plaintiff, attesting to the foregoing is attached hereto as Exhibit B.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully request that the Clerk enter default against Defendant Noise Attenuation Construction, LLC.

Dated: June 7, 2016

Respectfully submitted,

By:      _____

Allen R. Vaught
TX Bar No. 24004966
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605 – Telephone
(214) 520-1181 – Facsimile
avaught@baronbudd.com

ATTORNEY FOR PLAINTIFF

*Plaintiff's Rule 55(a) Motion for Entry of Default by Clerk - Page 2*

# EXHIBIT A

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

2016 MAY 13 PM 3: 5:28

CLERK OF COURT

| | | |
|---|---|---|
| ERIC PEDROZA, On Behalf of Himself and<br>All Others Similarly Situated, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| V. | §<br>§ | CIVIL ACTION NO. 4:16-cv-00164-A |
| NOISE ATTENUATION CONSTRUCTION,<br>LLC | §<br>§<br>§ | |
| Defendant. | §<br>§ | |

## PLAINTIFF'S NOTICE OF PROOF OF SERVICE

Plaintiff Eric Pedroza ("Plaintiff" or "Pedroza"), by and through counsel, files this,

Plaintiff's Notice of Proof of Service confirming that Defendant Noise Attenuation Construction,

LLC ("Defendant" or "Noise Attenuation") was served with Summons issued (Dkt. No. 4) and

the following documents in the above-styled cause:

1. Plaintiff's Original Complaint, filed by Plaintiff Eric Pedroza on February 29, 2016

   via the CM/ECF method (Dkt. Nos. 1 & 5) and sent to this Court via hand delivery on

   the same date.

2. Plaintiff's Civil Cover sheet, filed by Plaintiff Eric Pedroza on February 29, 2016 via

   the CM/ECF method (Dkt. No. 1-1) and sent to this Court via hand delivery on the

   same date.

3. Consent to Proceed Before a United States Magistrate Judge (Dkt. No. 2), generated

   by this Court's ECF system.

4. Standing Order -- Concerning Paper Filing in Cases Assigned to U.S. District Judge

   John McBryde (Dkt. No. 3), generated by this Court's ECF system.

*Plaintiff's Notice of Proof of Service – Page 1*

Case 4:16-cv-00164-A   Document 10   Filed 05/13/16   Page 5 of 43   PageID 54

5. Plaintiff's Notice of Filing of Notice of Consent (Dkt. No. 6) – filed on February 29,
2016, via hand delivery to the Clerk of Court (file stamped).

6. Plaintiff's Certificate of Interested Parties (Dkt. No. 7) – filed on February 29, 2016,
via hand delivery to the Clerk of Court (file stamped).

7. Order Striking Complaint (Dkt. No. 8) – dated March 1, 2016 (file stamped).

8. Plaintiff's Original Complaint (Dkt. No. 9) – filed on March 1, 2016 (file stamped).

As demonstrated in the attached affidavit entitled "Return of Service," which complies with the
suggested form outlined in this Court's Status Report Order at pages 13-14, Defendant's
registered agent, Mr. Armando Gutierrez, Sr., was served with the Summons and above-
described documents on May 10, 2016 at 7:20 o'clock p.m. by Mr. Gary Thornton, an authorized
private process server.

DATED: May 13, 2016

Respectfully submitted,

By: _____
Allen R. Vaught
TX Bar No. 24004966
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605 – Telephone
(214) 520-1181 – Facsimile
avaught@baronbudd.com

ATTORNEYS FOR PLAINTIFF

*Plaintiff's Notice of Proof of Service – Page 2*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIC PEDROZA, On Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 4:16-cv-00164-A |
| NOISE ATTENUATION CONSTRUCTION, LLC | § § § | |
| Defendant. | § § | |

## RETURN OF SERVICE

Before me, the undersigned authority, personally appeared GARY THORNTON, who, after having been duly sworn by me, upon his oath deposed and said as follows:

"I hereby certify that: At _1:27_ o'clock _P_.m. on _5-3_, 2016, I received for service the original and copy of a summons issued in the above-captioned action directed to Noise Attenuation Construction, LLC, via its registered agent, Mr. Armando Gutierrez, Sr., 900 Taylor Road, Weatherford, Texas 76087. I further received copies of the following documents, which were served on Defendant, Noise Attenuation Construction, LLC, which were attached to the original of such summons:

1. Plaintiff's Original Complaint, filed by Plaintiff Eric Pedroza on February 29, 2016 via the CM/ECF method (Dkt. Nos. 1 & 5) and sent to this Court via hand delivery on the same date.

*Return of Service*

1

2. Plaintiff's Civil Cover sheet, filed by Plaintiff Eric Pedroza on February 29, 2016 via the CM/ECF method (Dkt. No. 1-1) and sent to this Court via hand delivery on the same date.

3. Consent to Proceed Before a United States Magistrate Judge (Dkt. No. 2), generated by this Court's ECF system.

4. Standing Order – Concerning Paper Filing in Cases Assigned to U.S. District Judge John McBryde (Dkt. No. 3), generated by this Court's ECF system.

5. Plaintiff's Notice of Filing of Notice of Consent (Dkt. No. 6) – filed on February 29, 2016, via hand delivery to the Clerk of Court (file stamped).

6. Plaintiff's Certificate of Interested Parties (Dkt. No. 7) – filed on February 29, 2016, via hand delivery to the Clerk of Court (file stamped).

7. Order Striking Complaint (Dkt. No. 8) – dated March 1, 2016 (file stamped).

8. Plaintiff's Original Complaint (Dkt. No. 9) – filed on March 1, 2016 (file stamped).

I executed the summons issued (Document 4) by personally delivering to Mr. Armando Gutierrez, Sr., registered agent for Noise Attenuation Construction, LLC, the original summons and each document listed above (1-8) at 7:20 o'clock p.m. on May 10, 2016. Mr. Armando Gutierrez, Sr., is authorized by Noise Attenuation Construction, LLC to receive such summons on its behalf.

I endorsed on the original of such summons when I delivered it the date of delivery. Such delivery occurred at:

833 Soapberry Drive _____

Weatherford _____, Texas 76086 _____.

*Return of Service*                                                                                                2

A copy of the summons I delivered is attached to this Return of Service as

**Exhibit 1**.

I further certify that I am over the age of eighteen, and that I am not a party to the

above-captioned action."

GARY THORNTON

*1601 GILL ST*
Street Address

*FT WORTH*, Texas *76121*
City                          Zip Code


Service Fee:    $ 310


Subscribed and sworn to before me, the undersigned authority, on this ___13___ day

of ___May___, 20_16_, by:


Notary Public in and for the State of Texas

My Commission Expires: Sept. 29 20 18

MEGAN NULL
Notary Public, State of Texas
My Commission Expires
September 29, 2018

[STAMP]

*Return of Service*                                                                                      3

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIC PEDROZA, On Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 4:16-cv-00164-A |
| NOISE ATTENUATION CONSTRUCTION, LLC | § § § | |
| Defendant. | § § § | |

### DECLARATION OF ALLEN R. VAUGHT

My name is Allen R. Vaught. I am over the age of 18 and the statements in this declaration are true and correct of my own personal knowledge and I am competent to testify concerning them.

1.     I am the attorney of record for the Plaintiff in the above-captioned matter and as such have personal knowledge of the facts attested to herein.

2.     On March 1, 2016, Plaintiff filed his Original Complaint seeking damages under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") against Noise Attenuation Construction, LLC ("Noise Attenuation" or "Defendant") for its failure to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek while employed by Defendant. (ECF No. 9).

3.     On May 10, 2016, Defendant was served with the Summons, Complaint, and other documents filed in the case up to that point as delineated in Plaintiff's Notice of Proof of Service. (ECF No. 10 – Plaintiff's Notice of Proof of Service). Accordingly, Defendant was required to answer or otherwise respond to the Complaint on or before May 31, 2016.

- 1 -

4.      Defendant failed to answer or otherwise respond to the Complaint in the time provided by the Federal Rules of Civil Procedure, and thus has indicated its intent to be bound by any judgment entered in this matter.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED on June 7, 2016, in Dallas, Texas.

ALLEN R. VAUGHT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIC PEDROZA, On Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 4:16-cv-00164-A |
| NOISE ATTENUATION CONSTRUCTION, LLC | § § § | |
| Defendant. | § § | |

### DEFAULT ENTRY BY CLERK

It appearing from the records in the above-entitled action that Summons, issued on Plaintiff's Complaint, has been served upon the Defendant named below, and it further appearing from the declaration of counsel for Plaintiff that Defendant has failed to plead or to otherwise defend in said action, as directed in said Summons, and as provided in the Federal Rules of Civil Procedure:

NOW, therefore, on request of counsel for Plaintiff, the default of the following named Defendant is hereby entered against.

### NOISE ATTENUATION CONSTRUCTION, LLC

DATED: _____

KAREN MITCHELL, CLERK OF COURT

By: _____
       Deputy Clerk

# EXHIBIT D

```
                                              U.S. DISTRICT COURT
                                           NORTHERN DISTRICT Of TEXAS
                                                    FILED

           IN THE UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF TEXAS      JUN - 7 2016
                     FORT WORTH DIVISION
                                            CLERK, U.S. DISTRICT COURT
                                            By _____
                                                    Deputy
```

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ERIC PEDROZA, ON BEHALF OF    §
HIMSELF AND ALL OTHERS        §
SIMILARLY SITUATED,           §
                              §
          Plaintiff,          §
                              §
VS.                           §   NO. 4:16-CV-164-A
                              §
NOISE ATTENUATION CONSTRUCTION, §
LLC,                          §
                              §
          Defendant.          §

## ORDER

Came on for consideration "Plaintiff's Rule 55(a) Motion for Entry of Default by Clerk" filed on June 7, 2016, by plaintiff, Eric Pedroza, on Behalf of Himself and All Others Similarly Situated. The court finds that such motion should be granted. Therefore,

The court ORDERS that the Clerk enter default in the above-captioned action.

SIGNED June 7, 2016.

_____
JOHN McBRYDE
United States District Judge

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

```
ERIC PEDROZA, ON BEHALF OF      §
HIMSELF AND ALL OTHERS          §
SIMILARLY SITUATED,             §
                                §
          Plaintiff,            §
                                §
VS.                             §    NO. 4:16-CV-164-A
                                §
NOISE ATTENUATION CONSTRUCTION, §
LLC,                            §
                                §
          Defendant.            §
```

ENTRY OF DEFAULT

     Pursuant to the order signed in the above-captioned action

on the date of the signing of this entry of default,

     Default is hereby entered against defendant, Noise

Attenuation Construction, LLC, as directed by such order.

     SIGNED June 7, 2016.

                         Karen Mitchell
                         Clerk of the United States
                         District Court for the
                         Northern District of Texas


                    By: _____
                         Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ERIC PEDROZA, On Behalf of Himself and  §
All Others Similarly Situated,  §
 §
    Plaintiff,  §
 §
v.  §    CIVIL ACTION NO. 4:16-cv-00164-A
 §
NOISE ATTENUATION CONSTRUCTION,  §
LLC  §
 §
    Defendant.  §

## DECLARATION OF ERIC PEDROZA

My name is Eric Pedroza and I declare as follows: I am over the age of 18. The statements in this declaration are true and correct of my own personal knowledge and I am competent to testify concerning them.

1.    "I am a former employee of Noise Attenuation Construction, LLC ("Noise Attenuation").

2.    Noise Attenuation was an oilfield services and products company. The company provided services including but not limited to noise control for drilling, fracking, and production operations, equipment cleaning, H2S safety services, flowback and well testing, and equipment rentals.

3.    I worked for Noise Attenuation from approximately November of 2013 to approximately January of 2015 (1 year and two months). When I worked for Noise Attenuation, I was a swamper, meaning I generally washed rigs and cleaned out frac tanks, both at the "yard"

(the property where Noise Attenuation stored various pieces of equipment) and on location where Noise Attenuation's customers were drilling and/or fracking.

4.      I was at all times an hourly paid, non-exempt employee of Defendant pursuant to the Federal Fair Labor Standards Act ("FLSA"). I routinely worked in excess of 40 hours per seven-day workweek. However, I was not paid all overtime that I was due because Noise Attenuation did not include bonuses and per diem which were paid to me when calculating my overtime premiums. Rather, Noise Attenuation always paid me overtime at a rate of time and one half my hourly rate. As a result, I did not receive all overtime I should have been paid.

5.      My hourly rate of pay was approximately $13 per hour. I have retained some of the earning statements which were made available to me by Noise Attenuation, true and correct copies of which I attach to this declaration as **Exhibit 1**.

6.      I do not have access to or possession of all earnings statements during my employment with Noise Attenuation. Those earnings statements were made available by Noise Attenuation pursuant to direct deposits of wages to my bank account. If those direct deposit earnings statements were not downloaded and saved prior to the end of employment with Noise Attenuation, there is no way for a former employee like me to personally access them because the earnings statement account access was disabled by Noise Attenuation, or someone acting on its behalf, at the end of employment.

7.      However, the earning statements in **Exhibit 1** are reasonable and accurate examples of my categories of pay, my rates of pay, including an hourly rate of $13.00 per hour, my typical hours worked per pay period, and further demonstrate that I was paid on a bi-weekly basis. As Noise Attenuation has defaulted and not produced payroll records it is required to keep, the amount of unpaid overtime wages I am owed in this lawsuit by Noise Attenuation can be

*Declaration of Eric Pedroza – Page 2*

calculated as a matter of just and reasonable inference using those earning statements to determine average numbers, my testimony in this declaration, and other materials submitted by my lawyers.

8.      I generally worked approximately 20 hours of overtime per work week, or approximately 60 hours per week total.

9.      Based on year to date totals for the 36.5[1] workweeks reflected in my most recent earnings statement in Exhibit 1 for the pay period of September 8, 2014 to September 21, 2014, I received the following pay, exclusive of my base hourly rate and overtime compensation based on that hourly rate (the "bonus pay"), which should be factored into my regular rate of pay for purposes of my unpaid overtime wages sought in this lawsuit:

   a) $3,240 in "taxable" diem pay;

   b) $150 in bonus pay;

   c) $400 in well bonus pay; and

   d) $3,450 in performance bonus pay.

*See* **Exhibit 1**.

10.      On a weekly basis, I received an average of $198.36 in bonus pay. That bonus pay was not included by Noise Attenuation in calculating my regular rate of pay in determining my weekly overtime wages owed. Instead, as shown in **Exhibit 1**, Noise Attenuation used only my base hourly rate of pay in calculating the overtime wages it paid me. Noise Attenuation similarly miscalculated the regular rate of pay and corresponding overtime wages paid to my co-workers.

11.      Attached as **Exhibit 2** to this declaration is a spreadsheet prepared by my lawyers and approved by me which accurately calculates my unpaid overtime wages and liquidated

---

[1] The time period from January 1, 2014 to September 21, 2014 is 37.5 weeks. However, I had one week of vacation, so the year to date total weeks worked reflected in that most recent earnings statement is 36.5.

*Declaration of Eric Pedroza – Page 3*

damages owed to me by Noise Attenuation in this lawsuit. Based on total average weekly bonus pay of $198.36, an average of 60 hours worked per week, and a total of 59 weeks worked, which excludes one week of vacation, then my average regular rate of pay, at half-time, for the bonus pay is $1.65 per overtime hour worked. This results in weekly unpaid overtime wages of $33.06 and total unpaid overtime wages of $1,950.50.

12.     I am also entitled to liquidated damages under the FLSA in an amount equal to my unpaid overtime wages. Therefore, the total amount owed to me in unpaid overtime wages and liquidated damages equals $3,901.00.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct."

EXECUTED this __1__ day of __July__, in the city of San Angelo, in the State of Texas.


ERIC PEDROZA

# EXHIBIT 1

Noise Attenuation Construction LLC
900 Taylor Road
Weatherford, Texas 76087

Eric J Pedroza
1619 N. Magdalen
San Angelo, TX 76903

Direct Deposit

| Employee Pay Stub | | | Check number: DD1155 | | Pay Period: 03/24/2014 - 04/06/2014 | | Pay Date: 04/18/2014 | |
|---|---|---|---|---|---|---|---|---|
| **Employee** | | | | | **Status (Fed/State)** | | **Allowances/Extra** | |
| Eric J Pedroza, 1619 N. Magdalen, San Angelo, TX 76903 | | | | | Single/(none) | | Fed-0/0/TX-0/0 | |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Straight Time | 80:00 | 13.00 | 1,040.00 | 8,188.70 |
| Hourly Overtime | 42:44 | 19.50 | 833.30 | 4,997.53 |
| Per Diem Pay TAXABLE | | | 300.00 | 300.00 |
| Performance Bonus | | | 450.00 | 1,800.00 |
| Well Bonus | | | | 400.00 |
| Bonus | | | | 150.00 |
| Holiday | | | | 312.00 |
| | 122:44 | | 2,623.30 | 16,148.23 |

| Taxes | Current | YTD Amount |
|---|---|---|
| Medicare Employee Addl Tax | 0.00 | 0.00 |
| Federal Withholding | -475.00 | -2,638.00 |
| Social Security Employee | -162.64 | -1,001.19 |
| Medicare Employee | -38.04 | -234.15 |
| | -675.68 | -3,873.34 |

| Adjustments to Net Pay | Current | YTD Amount |
|---|---|---|
| Medical Insurance | | -174.67 |
| Per Diem Pay Non Taxable. | | 1,140.00 |
| | | 965.33 |

| Net Pay | 1,947.62 | 13,240.22 |
|---|---|---|

| Direct Deposit | | Amount |
|---|---|---|
| Checking - ***1077 | | 1,947.62 |

| Non-taxable Company Items | Current | YTD Amount |
|---|---|---|
| Health Ins. paid by Company | | 95.43 |

**Memo**

**Direct Deposit**

Noise Attenuation Construction LLC
900 Taylor Road
Weatherford, Texas 76087

Eric J Pedroza
1619 N. Magdalen
San Angelo, TX 76903

Direct Deposit

| Employee Pay Stub | | Check number: DD1513 | | | Pay Period: 05/19/2014 - 06/01/2014 | | Pay Date: 06/13/2014 |

| Employee | | | | | | Status (Fed/State) | Allowances/Extra |
|---|---|---|---|---|---|---|---|
| Eric J Pedroza, 1619 N. Magdalen, San Angelo, TX 76903 | | | | | | Single/(none) | Fed-0/0/TX-0/0 |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Straight Time | 80:00 | 13.00 | 1,040.00 | 12,226.07 |
| Hourly Overtime | 28:49 | 19.50 | 561.93 | 6,736.93 |
| Per Diem Pay TAXABLE | | | 210.00 | 1,200.00 |
| Performance Bonus | | | 150.00 | 3,150.00 |
| Boot Allowance | | | 100.00 | 100.00 |
| Well Bonus | | | | 400.00 |
| Bonus | | | | 150.00 |
| Holiday | | | | 312.00 |
| | 108:49 | | 2,061.93 | 24,275.00 |

| Taxes | Current | YTD Amount |
|---|---|---|
| Medicare Employee Addl Tax | 0.00 | 0.00 |
| Federal Withholding | -334.00 | -3,945.00 |
| Social Security Employee | -127.84 | -1,505.05 |
| Medicare Employee | -29.90 | -351.99 |
| | -491.74 | -5,802.04 |

| Adjustments to Net Pay | Current | YTD Amount |
|---|---|---|
| Medical Insurance | -174.67 | -873.35 |
| Per Diem Pay Non Taxable. | | 1,140.00 |
| | -174.67 | 266.65 |

| Net Pay | | 1,395.52 | 18,739.61 |

| Direct Deposit | | | Amount |
|---|---|---|---|
| Checking - ***1077 | | | 1,395.52 |
| Non-taxable Company Items | | Current | YTD Amount |
| Health Ins. paid by Company | | 95.43 | 477.15 |

Memo

Direct Deposit

Noise Attenuation Construction LLC
900 Taylor Road
Weatherford, Texas 76087

Eric J Pedroza
1619 N. Magdalen
San Angelo, TX 76903

Direct Deposit

| Employee Pay Stub | | | Check number: DD1794 | | Pay Period: 06/30/2014 - 07/13/2014 | Pay Date: 07/25/2014 |
|---|---|---|---|---|---|---|
| **Employee** | | | | | **Status (Fed/State)** | **Allowances/Extra** |
| Eric J Pedroza, 1619 N. Magdalen, San Angelo, TX 76903 | | | | | Single/(none) | Fed-0/0/TX-0/0 |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Straight Time | 41:58 | 13.00 | 545.57 | 14,851.64 |
| Hourly Overtime | 35:49 | 19.50 | 698.43 | 7,733.39 |
| Per Diem Pay TAXABLE | | | 210.00 | 1,890.00 |
| Well Bonus | | | | 400.00 |
| Bonus | | | | 150.00 |
| Holiday | | | | 312.00 |
| Performance Bonus | | | | 3,150.00 |
| Boot Allowance | | | | 100.00 |
| | 77:47 | | 1,454.00 | 28,587.03 |

| Taxes | Current | YTD Amount |
|---|---|---|
| Medicare Employee Addl Tax | 0.00 | 0.00 |
| Federal Withholding | -188.00 | -4,500.00 |
| Social Security Employee | -90.15 | -1,772.40 |
| Medicare Employee | -21.08 | -414.51 |
| | -299.23 | -6,686.91 |

| Adjustments to Net Pay | Current | YTD Amount |
|---|---|---|
| Medical Insurance | -287.83 | -1,510.52 |
| Per Diem Pay Non Taxable. | | 1,140.00 |
| | -287.83 | -370.52 |

| Net Pay | 866.94 | 21,529.60 |
|---|---|---|

| Direct Deposit | | Amount |
|---|---|---|
| Checking - ***1077 | | 866.94 |

| Non-taxable Company Items | Current | YTD Amount |
|---|---|---|
| Health Ins. paid by Company | | 668.01 |

Memo

Direct Deposit

App. p. 42

Noise Attenuation Construction LLC
900 Taylor Road
Weatherford, Texas 76087

Eric J Pedroza
1619 N. Magdalen
San Angelo, TX 76903

Direct Deposit

| Employee Pay Stub | | Check number: DD1881 | | | Pay Period: 07/14/2014 - 07/27/2014 | | Pay Date: 08/08/2014 |
|---|---|---|---|---|---|---|---|
| **Employee** | | | | | **Status (Fed/State)** | | **Allowances/Extra** |
| Eric J Pedroza, 1619 N. Magdalen, San Angelo, TX 76903 | | | | | Single/(none) | | Fed-0/0/TX-0/0 |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Straight Time | 80:00 | 13.00 | 1,040.00 | 15,891.64 |
| Hourly Overtime | 49:01 | 19.50 | 955.83 | 8,689.22 |
| Per Diem Pay TAXABLE | | | 360.00 | 2,250.00 |
| Well Bonus | | | | 400.00 |
| Bonus | | | | 150.00 |
| Holiday | | | | 312.00 |
| Performance Bonus | | | | 3,150.00 |
| Boot Allowance | | | | 100.00 |
| | 129:01 | | 2,355.83 | 30,942.86 |

| Taxes | Current | YTD Amount |
|---|---|---|
| Medicare Employee Addl Tax | 0.00 | 0.00 |
| Federal Withholding | -408.00 | -4,908.00 |
| Social Security Employee | -146.06 | -1,918.46 |
| Medicare Employee | -34.16 | -448.67 |
| | -588.22 | -7,275.13 |

| Adjustments to Net Pay | Current | YTD Amount |
|---|---|---|
| Medical Insurance | -287.83 | -1,798.35 |
| Per Diem Pay Non Taxable. | | 1,140.00 |
| | -287.83 | -658.35 |

| Net Pay | 1,479.78 | 23,009.38 |
|---|---|---|

| Direct Deposit | | Amount |
|---|---|---|
| Checking - ***1077 | | 1,479.78 |

| Non-taxable Company Items | Current | YTD Amount |
|---|---|---|
| Health Ins. paid by Company | | 668.01 |

**Memo**

Direct Deposit

Noise Attenuation Construction LLC
900 Taylor Road
Weatherford, Texas 76087


Eric J Pedroza
1619 N. Magdalen
San Angelo, TX 76903


Direct Deposit

| Employee Pay Stub | | Check number: DD2234 | | | Pay Period: 09/08/2014 - 09/21/2014 | | Pay Date: 10/03/2014 | |
|---|---|---|---|---|---|---|---|---|
| **Employee** | | | | | | **Status (Fed/State)** | **Allowances/Extra** | |
| Eric J Pedroza, 1619 N. Magdalen, San Angelo, TX 76903 | | | | | | Single/(none) | Fed-0/0/TX-0/0 | |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Straight Time | 68:07 | 13.00 | 885.52 | 19,838.61 |
| Per Diem Pay TAXABLE | | | 210.00 | 3,240.00 |
| Hourly Overtime | | | | 9,834.52 |
| Well Bonus | | | | 400.00 |
| Bonus | | | | 150.00 |
| Vacation Pay Hourly | | | | 520.00 |
| Holiday | | | | 416.00 |
| Performance Bonus | | | | 3,450.00 |
| Boot Allowance | | | | 100.00 |
| | 68:07 | | 1,095.52 | 37,948.53 |

| Taxes | Current | YTD Amount |
|---|---|---|
| Medicare Employee Addl Tax | 0.00 | 0.00 |
| Federal Withholding | -134.00 | -5,996.00 |
| Social Security Employee | -67.92 | -2,352.81 |
| Medicare Employee | -15.88 | -550.25 |
| | -217.80 | -8,899.06 |

| Adjustments to Net Pay | Current | YTD Amount |
|---|---|---|
| Medical Insurance | -287.83 | -2,949.67 |
| Per Diem Pay Non Taxable. | | 1,140.00 |
| | -287.83 | -1,809.67 |

| Net Pay | 589.89 | 27,239.80 |
|---|---|---|

| Direct Deposit | | | Amount |
|---|---|---|---|
| Checking - ***1077 | | | 589.89 |

| Paid Time Off | Earned | YTD Used | Available |
|---|---|---|---|
| Vacation | 0:00 | 40:00 | -40:00 |

| Non-taxable Company Items | | Current | YTD Amount |
|---|---|---|---|
| Health Ins. paid by Company | | | 668.01 |

**Memo**
Direct Deposit.

# EXHIBIT 2

Paycheck covering 9/08/14 to 9/21/14

| Weeks | Total Additional Remuneration (see below) | Average Additional Weekly Remuneration | Average Weekly Hours | Average Hourly Add'l Remuneration | Add'l OT Premium at Half-Time | Add'l Weekly Overtime | Total Weeks Worked Less One Week Vacation | Total Unpaid Overtime Wages |
|---|---|---|---|---|---|---|---|---|
| 36.5 | $7,240 | $198.35 | 60 | $3.31 | $1.65 | $33.06 | 59 | $1,950.50 |

| | |
|---|---|
| w/ Liquidated | $3,901.00 |

| Taxable Per Diem | $3,240 |
|---|---|
| Well Bonus | $400 |
| "Bonus" | $150 |
| Performance Bonus | $3,450 |

# EXHIBIT G

Paycheck covering 9/08/14 to 9/21/14

| Weeks | Total Additional Remuneration (see below) | Average Additional Weekly Remuneration | Average Weekly Hours | Average Hourly Add'l Remuneration | Add'l OT Premium at Half-Time | Add'l Weekly Overtime | Total Weeks Worked Less One Week Vacation | Total Unpaid Overtime Wages |
|---|---|---|---|---|---|---|---|---|
| 36.5 | $7,240 | $198.36 | 60 | $3.31 | $1.65 | $33.06 | 59 | $1,950.50 |

| | | | | | | | w/ Liquidated | $3,901.00 |

| Taxable Per Diem | $3,240 |
|---|---|
| Well Bonus | $400 |
| "Bonus" | $150 |
| Performance Bonus | $3,450 |