IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIC PEDROZA, On Behalf of Himself and All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:16-cv-00164-A |
| NOISE ATTENUATION CONSTRUCTION, LLC | § § § § | |
| Defendant. | § § | |

## PLAINTIFF'S MOTION FOR LEGAL FEES AND COSTS

Plaintiff Eric Pedroza ("Pedroza" or "Plaintiff") and his counsel file this Motion for Legal Fees and Costs (the "Motion") as the prevailing party in the above-captioned lawsuit pursuant to the Order and Final Judgment of Default of this Court entered on July 8, 2016. (ECF Nos. 16 & 17). Plaintiff files this Motion within the time limit prescribed by FED. R. CIV. P. 54(d)(2), *i.e.*, within 14 days from the entry of the Default Judgment.

Pursuant to L.R. 7.1(d), this Motion is accompanied by a Brief in Support of Plaintiff's Motion for Legal Fees and Costs, set forth below, which identifies, in detail, the factual and legal basis for this Motion. Plaintiff's Motion and Brief are supported by evidence contained in Plaintiff's Appendix, which is filed as a separate document pursuant to L.R. 7.1(i). Plaintiff incorporates that Brief and Appendix by reference as if set forth fully herein.

[*signature block on following page*]

Respectfully submitted,

By: _____
Allen R. Vaught
TX Bar No. 24004966
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605 – Telephone
(214) 520-1181 – Facsimile
avaught@baronbudd.com

ATTORNEY FOR PLAINTIFF

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iv

I. INTRODUCTION AND PROCEDURAL HISTORY ................................................. 1

II. FACTUAL BACKGROUND ........................................................................................ 2

III. ARGUMENTS AND AUTHORITIES ......................................................................... 3

    A. Statutory Authorization for Request for Attorneys' Fees and Costs ....................... 3

    B. Standard of Review ................................................................................................ 3

    C. Plaintiff's Request for Attorneys' Fees .................................................................. 3

        1. Lodestar Legal Standard for Calculation of Legal Fees .................................... 3

        2. Lodestar in the Instant Action ............................................................................ 4

        3. Reasonableness of Hours Billed and Billing Judgment – *Johnson Factors* ..... 5

    D. Plaintiff's Request for Costs .................................................................................. 6

        1. Legal Standard for Calculation of Costs in a FLSA Case ................................. 6

        2. Recoverable Costs Incurred by Plaintiff ............................................................ 7

    E. Post-Judgment Interest and Fees After the Filing of this Motion .......................... 7

IV. CONCLUSION ............................................................................................................. 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Black v. SettlePou, P.C.*,
732 F.3d 492 (5th Cir. 2013) .................................................................................................3, 4

*by Blanchard v. Bergeron*,
489 U.S. 87 (1989) ........................................................................................................................4

*Gromer v. Mack*,
Civ. No. 3:11–CV–0682–D, 2012 WL 28835 (N.D. Tex. Jan. 4, 2012) (Fitzwater, J.) .............5

*Hernandez v. Aleman Construction, Inc.*,
No. 3:10-cv-2229-BN, 2013 WL 5873289 (N.D. Tex. Nov 1, 2013) ........................................6

*Hoffmann-La Roche Inc. v. Sperling*,
493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989) ............................................................3

*Johnson v. Georgia Highway Exp., Inc.*,
488 F.2d 714 (5th Cir. 1974) ..................................................................................................4, 6

*Olibas v. Native Oilfield Servs., LLC*,
104 F. Supp. 3d 791, 809-810 (2015) .........................................................................................6

*Perdue v. Kenny A.*,
559 U.S. 542 (2010) .....................................................................................................................3

*Primrose Operating Co. v. Nat'l Am. Ins. Co.*,
382 F.3d 546 (5th Cir. 2004) ......................................................................................................3

*Reeves v. Int'l Tel. & Tel. Corp.*,
705 F.2d 750 (5th Cir. 1983) ......................................................................................................7

*Saizan v. Delta Concrete Products Co.*,
448 F.3d 795 (5th Cir. 2006) ......................................................................................................5

*Tyler v. Union Oil Co. of California*,
304 F.3d 379 (5th Cir. 2002) ......................................................................................................3

**Statutes and Rules**

28 U.S.C. § 1920 ...............................................................................................................................6

28 U.S.C. § 1961(a) ..........................................................................................................................7

29 U.S.C. § 216(b) ..........................................................................................................1, 3, 6

29 U.S.C. §§ 201-219 ............................................................................................................1

29 U.S.C. §§ 251-262 ............................................................................................................1

FED. R. CIV. P. 12(a) .............................................................................................................1

FED. R. CIV. P. 54(d) .........................................................................................................1, 6

## **PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEGAL FEES AND COSTS**

### I.   **INTRODUCTION AND PROCEDURAL HISTORY**

On March 1, 2016, Plaintiff filed his Original Complaint seeking damages under the Federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262 (collectively "FLSA"), for Defendant's failure to pay Plaintiff and putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek. (*See* ECF No. 9, Plaintiff's Original Complaint).

On May 10, 2016, Defendant was served through its registered agent, Mr. Armando Gutierrez, Sr., with an executed summons and all documents filed in the case to that date. (*See* ECF No. 10, Proof of Service). Accordingly, Defendant was required to answer or otherwise respond to the Complaint on or before May 31, 2016. *See* FED. R. CIV. P. 12(a)(1)(A)(i).

Defendant failed to answer or otherwise respond to the Complaint served on it in the time provided by the Federal Rules of Civil Procedure, and Plaintiff moved for entry of default by the Clerk of Court on June 7, 2016. (*See* ECF No. 11, Motion for Entry of Default). On the same day, this Court entered an Order granting Plaintiff's request for entry of default directing that the Clerk enter default, which the Clerk did. (*See* ECF Nos. 12 & 13, Order and Entry of Default).

Subsequently, Plaintiff moved for default judgment against Defendant, which was granted. (*See* ECF Nos. 14-16, Plaintiff's Motion for Default Judgment, Plaintiff's Appendix in Support, Order, and Final Judgment of Default). Plaintiff now moves for the legal fees and costs he has incurred in connection with this action as a prevailing plaintiff pursuant to 29 U.S.C. § 216(b) within the time period set forth in Federal Rule of Civil Procedure 54(d)(2)(B)(i).

## II.    FACTUAL BACKGROUND

Defendant operated an oilfield services and products company, which provided services including, but not limited, to noise control for drilling, fracking, and productions operations, equipment cleaning, H2S safety services, flowback and well testing, and equipment rentals. (*See* ECF No. 15, p. 42 (Declaration of Eric Pedroza ("Pedroza Decl."), ¶ 2)). Plaintiff was an hourly paid, non-exempt employee pursuant to the FLSA who worked as a swamper. (*See* ECF No. 15, pp. 42-43 (Pedroza Decl., ¶ 3, 4)). Plaintiff routinely worked approximately sixty hour long weeks, on average, and as a result completed substantial overtime work for Defendant. (*See* ECF No. 15, p. 44 (Pedroza Decl., ¶ 8)). As demonstrated by his earning statements, Plaintiff was also paid significant bonus pay in the form of "taxable" per diem pay, generic bonus pay, well bonuses, and performance bonuses. (*See* ECF No. 15, pp. 37, 47-51 (Pedroza Decl., ¶ 9, 10, Exhibit 1)). That bonus pay was never included in Plaintiff's regular rate of pay for purposes of calculating his overtime premiums despite the fact that Plaintiff routinely worked over forty hours in a seven-day workweek. (*Id.*).

As a result of the damages sustained by Plaintiff and the failure of Defendant to answer, appear, or otherwise respond to Plaintiff's Original Complaint, the Court entered judgment in "the amount of $3,901, together with post-judgment interest thereon at a rate of .45%, computed daily on the unpaid balance from the date of entry of [the] judgment until the full amount of the judgment is paid, and compounded annually." (ECF No. 17, Final Judgment of Default of July 8, 2016).

In connection with obtaining this result for Plaintiff, Plaintiff's counsel have incurred certain moderate attorneys' fees and costs. Plaintiff, by and through counsel, now seek recovery of those attorneys' fees and costs, which, as shown further *infra*, are mandatory under the FLSA.

*See Tyler v. Union Oil Co. of California*, 304 F.3d 379, 404 (5th Cir. 2002); *see also, Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Therefore, entry of judgment for Plaintiff's attorneys' fees is non-discretionary, so long as Plaintiff's counsel demonstrate that thos hours were reasonably expended. *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). As demonstrated below, all hours spent on this case were reasonably necessary for the result obtained in this case of full recovery of all damages in light of Defendant's default.

### III. ARGUMENTS AND AUTHORITIES

#### A. Statutory Authorization for Request for Attorneys' Fees and Costs

The FLSA provides that "[t]he Court . . . shall, in addition to any judgment awarded to the plaintiff . . ., allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 167, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989). An award of attorney's fees and costs to a prevailing plaintiff is mandatory. *Tyler*, 304 F.3d at 404; *see also, SettlePou, P.C.*, 732 F.3d at 502. ("Under the FLSA, an employer who violates the statute is also required to pay attorney's fees.").

#### B. Standard of Review

A district court's award of attorney's fees is reviewed for abuse of discretion and its factual findings for clear error. *Black*, 732 F.3d at 502 (citing *Singer v. City of Waco,* 324 F.3d 813, 829 (5th Cir. 2003). "[T]rial courts are considered experts as to the reasonableness of attorney's fees" *Primrose Operating Co. v. Nat'l Am. Ins. Co.,* 382 F.3d 546, 562 (5th Cir. 2004).

#### C. Plaintiff's Request for Attorneys' Fees

##### 1. Lodestar Legal Standard for Calculation of Legal Fees

The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for

this work. *Black*, 732 F.3d at 502 (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). "There is a strong presumption of the reasonableness of the lodestar amount." *Id.* (citing *Perdue*, 559 U.S. at 552).

"[A]fter calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on 'the relative weights of the twelve factors set forth in *Johnson*.'"[1] The 12 *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d at 717-19. However, "lodestar may not be adjusted due to a Johnson factor that was already taken into account during the initial calculation of the lodestar." *Black*, 732 F.3d at 502. "Plaintiffs seeking attorney's fees have the burden of showing the reasonableness of the hours billed and that the attorneys exercised billing judgment." *Id.* As succinctly stated by the Fifth Circuit, "the most critical factor in determining an attorney's fee award is the degree of success obtained." *Id.* at 503.

   2. **Lodestar in the Instant Action**

      a. *Base Lodestar Amount*

Plaintiff in this case was represented by Allen Vaught and certain associates with the firm of Baron & Budd, P.C. ("Baron & Budd Attorneys"). Plaintiff's attorneys incurred a base lodestar amount of $13,334.50. (*See* app. p. 23 (Exhibit C – Master Lodestar Spreadsheet)). That

---

[1] *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).

amount is shown in the declaration of attorney Allen Vaught ("Vaught") and his time records, as well as the time records of other attorneys working under the supervision of Vaught Melinda Arbuckle ("Arbuckle"), and Farsheed Fozouni ("Fozouni") (collectively "Plaintiff's Counsel"). (App. pp. 1-17 (Exhibit A – Declaration of Allen R. Vaught ("Vaught Decl."))).

Furthermore, the reasonableness of the hourly rates requested for lawyers is supported by the declaration of J. Derek Braziel, an employment law attorney whose principal office and practice is in the Northern District of Texas. (App. pp. 18-22 (Exhibit B – Declaration of J. Derek Braziel ("Braziel Decl."))). *See also, Gromer v. Mack*, Civ. No. 3:11–CV–0682–D, 2012 WL 28835, at *1-3 (N.D. Tex. Jan. 4, 2012) (Fitzwater, J.).

   b. *Adjusted Lodestar Amount*

From the base lodestar amount, Plaintiff and his counsel made write-offs for billing judgment and clerical work to arrive at the adjusted lodestar amount of $12,001.05, which they request this Court adopt as the legal fees owed in this case by Defendant. (App. p. 11-12 (Exhibit A – Vaught Decl. ¶¶ 37-40)). The adjusted lodestar amount is identified in the Master Lodestar Spreadsheet under the column "Adjusted Lodestar." (App. p. 23 (Exhibit C – Master Lodestar Spreadsheet)).

3. **Reasonableness of Hours Billed and Billing Judgment –** *Johnson Factors*

Plaintiff addresses the relevant Johnson factors in the declaration of Attorney Vaught, but would note here, in support of the billing judgment factor, that Plaintiff's counsel's total lodestar amount was reduced by 10% to address billing judgment for the attorneys. (App. p. 11-12 (Exhibit A – Vaught Decl. ¶¶ 37-40)). See *Saizan v. Delta Concrete Products Co.*, 448 F.3d 795, 800 (5th Cir. 2006) (approving 10% reduction in legal fees where plaintiff's counsel failed to address billing judgment in fee petition). While Plaintiff's Counsel believe that their detailed

billing records warrant less than a 10% reduction, this reduction is nevertheless made in an effort to arrive at a conservative lodestar amount.

With regard to the *Johnson* factor relating to the customary fees charged in the relevant community, Plaintiff has provided the declaration of J. Derek Braziel, an experienced FLSA attorney in the Dallas Fort Worth area to show support for the reasonable and moderate legal fees sought by Plaintiff's Counsel. (App. pp. 18-22 (Exhibit B – Braziel Decl.)). Furthermore, courts in this district have supported reasonable rates in line with those that Plaintiff's Counsel request here. *See, e.g., Olibas v. Native Oilfield Servs., LLC*, 104 F. Supp. 3d 791, 809-810 (2015).

Additionally, Plaintiff's Counsel have represented Plaintiff solely on a contingency fee basis, and therefore seek reasonable and moderate fees and costs to offset the time and effort expended.

### D. Plaintiff's Request for Costs

#### 1. Legal Standard for Calculation of Costs in a FLSA Case

The Federal Rules of Civil Procedure provide that "costs-other than attorney's fees-should be allowed to the prevailing party." FED. R. CIV. P. 54(d). Furthermore, the FLSA allows for the recovery of costs. *See* 29 U.S.C. § 216(b). Costs which are recoverable in FLSA cases are based on Section 1920 and are limited to include filing fees, witness fees, court reporting/transcripts for depositions, necessary copying costs, and interpreting services. 28 U.S.C. § 1920; *Hernandez v. Aleman Construction, Inc.*, No. 3:10-cv-2229-BN, 2013 WL 5873289, at *6-7 (N.D. Tex. Nov 1, 2013) (FLSA case analyzing what costs are recoverable by a prevailing plaintiff).

## 2. Recoverable Costs Incurred by Plaintiff

Plaintiff and Plaintiff's Counsel seek costs in the amount of $771.29 for filing fees and courier fees in the instant case. (App. pp. 12, 24 (Exhibit A – Vaught Decl. ¶¶ 41-42, Exhibit D – B&B Statement of Costs)).

## E. Post-Judgment Interest and Fees After the Filing of this Motion

Plaintiffs in FLSA cases are entitled to an award of post-judgment interest at the prevailing rate. 28 U.S.C. § 1961(a) ("[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."). *See also Reeves v. Int'l Tel. & Tel. Corp.,* 705 F.2d 750, 751–52 (5th Cir. 1983) (FLSA case awarding post-judgment interest). Furthermore, for the reasons stated above, Plaintiff is entitled to recovery of fees for work performed in connection with the FLSA claims after the filing of this Motion, including fees incurred on appeal, if any, of the Court's Order on this Motion.

## IV.   CONCLUSION

As a prevailing plaintiff pursuant to the Default Judgment entered in this case,[2] Plaintiff, and Plaintiff's Counsel, are entitled to an award of reasonable legal fees and costs. For the above reasons, Plaintiff, and Plaintiff's Counsel, request that the Court award legal fees in the amount of $12,001.05 and costs in the amount of $771.29 in addition to post-judgment interest at the prevailing rate. Plaintiff, and Plaintiff's Counsel, request that they be allowed to submit a supplemental fee petition for fees incurred after the filing of this Motion, as necessary.

*[signature block on following page]*

---

[2] *See* ECF Nos. 15 & 16, Order and Final Judgment of Default.

Respectfully submitted,

By: _____
Allen R. Vaught
TX Bar No. 24004966
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605 – Telephone
(214) 520-1181 – Facsimile
avaught@baronbudd.com

ATTORNEY FOR PLAINTIFF