IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIC PEDROZA, On Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:16-cv-00164-A |
| NOISE ATTENUATION CONSTRUCTION, LLC | § § § | |
| Defendant. | § § | |

## APPENDIX IN SUPPORT OF PLAINTIFF'S MOTION FOR LEGAL FEES AND COSTS

Pursuant to Local Rule CV-7(d)(1), Plaintiff files this Appendix in Support of his Motion for Legal Fees. Plaintiff's Motion cites the pleadings on file in this case in addition to the following evidence.

| Exhibit | Document | Pages |
|---------|----------|-------|
| A | Declaration of Allen R. Vaught | 1-17 |
| B | Declaration of J. Derek Braziel | 18-22 |
| C | Master Lodestar Spreadsheet | 23 |
| D | B&B Statement of Costs | 24 |

Respectfully submitted,

By: _____
    Allen R. Vaught
    Baron & Budd, P.C.
    State Bar No. 24004966
    3102 Oak Lawn Avenue, Suite 1100
    Dallas, Texas  75219
    (214) 521-3605 – Telephone
    (214) 520-1181 – Facsimile
    avaught@baronbudd.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIC PEDROZA, On Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:16-cv-00164-A |
| NOISE ATTENUATION CONSTRUCTION, LLC | § § § | |
| Defendant. | § § | |

### DECLARATION OF ALLEN R. VAUGHT

My name is Allen R. Vaught, and I declare as follows:

1.    "I am over the age of twenty-one years, of sound mind, and competent to make this affidavit. The facts stated in this declaration are within my personal knowledge and are true and correct. I submit this declaration in support of Plaintiff's Motion for Legal Fees in the above-captioned lawsuit (hereafter "Plaintiff's Motion").

### I.    PROFESSIONAL & EDUCATIONAL BACKGROUND

2.    I am the managing attorney for the employment and labor law section at Baron & Budd, P.C. ("Baron & Budd"). We represent the Plaintiff in the above-styled cause of action.

3.    I have been a licensed attorney for over 19 years in the state of Texas and for over 10 years in the state of Mississippi. I am an attorney in good standing admitted to practice before each of the federal district courts in the State of Texas, the Southern District of Mississippi, the District Court of Colorado, both federal district courts for the District of Arkansas, the Southern District of Indiana, the U.S. Court of Appeals for the Armed Forces, the U.S. Court of Appeals for the Firth Circuit and the U.S. Court of Appeals for the Ninth Circuit.

1

4.     I graduated from Baylor University with a BBA in Accounting in August 2005. I graduated from the South Texas College of Law with a J.D. in December 1997. I was licensed to practice law in the State of Texas in May 1998. While in law school, I was a member of the 1997 First Place Team in the South Texas College of Law Mock Trial Competition and was a member of Phi Delta Phi.

5.     My first job as a licensed attorney was doing insurance defense work for the law firm of Buck, Keenan & Owens, P.C. in Houston, Texas. I was primarily responsible for legal research and drafting written discovery and motions.

6.     I began work at Baron & Budd in approximately 1999 where I was involved in complex, multi-party litigation representing plaintiffs for several years. Baron & Budd is a national law firm with a significant presence representing employees in a variety of areas. I was primarily responsible for case management, motion practice and pre-trial discovery.

7.     In approximately 2002, I joined the Houston, Texas law firm of Franklin, Cardwell & Jones, P.C. where I opened and managed their Dallas office and was named a partner of the firm in 2004. My work there primarily involved complex, multi-party litigation on behalf of current and former employees in the oil and gas industry with emphasis on occupational injury related issues.

8.     In March 2003, as a U.S. Army Reserve captain, I was mobilized for active duty as a civil-affairs and psychological operations officer and deployed to Iraq where I remained until March 2004. While I was not engaged in the practice of law during that time, amongst my many duties in attempting to set up functioning local governments in the Iraqi cities of Fallujah and Sadr City was instructing Iraqis on and supervising accurate payment for work performed by municipal workers such as police, fire, teachers and sanitation. Due to injuries sustained from an

2

improvised explosive device ("IED") ambush near the end of my deployment, I was medically discharged. The category of my discharge was Honorable.

9.      In the time after redeployment from Iraq, I returned to the practice of law in approximately mid-2004 and resumed my aforementioned duties with the law firm of Franklin, Cardwell & Jones as described above.

10.     In 2006, I was elected to the Texas House of Representatives where I served until 2011. I served as the vice-chairperson of the Committee on Criminal Jurisprudence, vice-chairperson of the Committee on Defense and Veterans Affairs, chairperson of the sub-committee on violent crimes and chairperson of the sub-committee on Border, Health and School Centered Emergencies.

11.     For my work on criminal justice issues in the Texas House of Representatives, I received the Law & Order Award from the Texas District and County Attorneys Association and a top legislator award from the Texas Police Chiefs' Association. I also received top legislator awards or legislator of the year awards from the Children's Hospital Association of Texas, the Texas Pediatric Society, the Children's Medical Center of Dallas, and the Texas Parent Teacher Association ("PTA").

12.     In 2009, I rejoined the law firm of Baron & Budd in an "of-counsel" position. I was named the managing attorney of the labor and employment law section shortly thereafter, and a majority of my work over the past six plus years has involved labor and employment law litigation, primarily litigation pursuant to the Fair Labor Standards Act.

13.     I was selected as a *Thomson Reuters* "Super Lawyer" in 2016, 2015, 2014, 2013 and 2012, and as a "Rising Star" in 2011.

3

14.     I was selected by the *Texas Lawyer* as "Litigator of the Week" in September 2012 for a jury verdict I obtained for clients in a Fair Labor Standards Act case.

15.     I am a Fellow with the Dallas Bar Association and the Texas Bar Foundation.

16.     I am a member of the National Employment Lawyers Association ("NELA").

17.     I am a member of the Labor & Employment Law Sections of the Dallas Bar Association and the Texas Bar Association.

18.     I have written or participated in the following publications and course instructions

    a.  Author: *Know Your Client's Rights in Wage and Hour Cases*, *Trial Magazine*, April 2015.

    b.  Author: *Reservist's Rights (USERRA)*, *Trial Magazine*, November 2014.

    c.  Panelist: *Trends in Jury Selection Podcast*. *Texas Lawyer*, September 11, 2012.

    d.  Author and Presenter: *FLSA Overtime Wage Violations*, TTLA CLE, Aug 18, 2011.

    e.  Panelist: Bench-Bar Conference – *2008 Texas Legislative Update*, Texas Bar CLE, Sep. 25, 2008.

## II.     EMPLOYMENT LAW SPECIFIC WORK EXPERIENCE

### A.     Reported Cases

19.     Reported FLSA federal cases in which I served as counsel for plaintiffs include:

    a.  *Olibas, et al. v. Native Oilfield Services, LLC*, 104 F. Supp. 3d 791 (N.D. Tex. 2015) (Boyle, J.) (FLSA collective class action case for approximately 110 oilfield workers where the court entered final judgment after jury verdict in favor of my clients in the amount of approximately $3.7 million) (lead counsel).

    b.  *Dinkins v. YP Advert. LP*, No. 3:14-CV-1463-G, 2015 WL 1408922 (N.D. Tex. Mar. 27, 2015) (FLSA overtime wage case denying defendant's Rule 12(b)(6) motion to dismiss based on Labor Management Relations Act for unionized call center workers).

4

c. *Zaborowski v. MHN Gov't Servs., Inc.*, 601 F. App'x 461 (9th Cir. 2014) *cert. granted,* 136 S. Ct. 27 (2015) (FLSA and state law independent contractor misclassification overtime case upholding trial court's finding that arbitration clause was unconscionable and denying defendants' motion to compel arbitration).

d. *Lillehagen v. Alorica, Inc.,* No. SACV 13-0092-DOC, 2014 WL 6989230 (C.D. Cal. Dec. 10, 2014) (denying defendant's motion to decertify collective action class of approximately 8,000 plaintiffs and finding that breaks in time of less than 20 minutes during the workday were generally compensable).

e. *Beckerley v. Alorica, Inc., No.* SACV 14-0836-DOC, 2014 WL 4670229 (C.D. Cal. Sept. 17, 2014) (FLSA and state law overtime case denying defendant's Rule 12(b)(6) motion to dismiss based on claim splitting).

f. *Lillehagen v. Alorica, Inc.*, No. SACV 13-0092-DOC, 2014 WL 2009031 (C.D. Cal. May 15, 2014) (Denying defendant's motion for interlocutory appeal of FLSA nation-wide conditional certification involving 80,000 putative class members working in approximately 33 different call centers premised on *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011)).

g. *Morse v. Equity Lifestyle Properties Inc.*, No. 2:13-CV-00408-JMS, 2014 WL 1764927 (S.D. Ind. Apr. 30, 2014) (post *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 185 L.Ed.2d 636 (2013) FLSA case denying defendant's motion to dismiss based on alleged mootness of claims after tendering a Rule 68 offer of judgment to plaintiff prior to conditional certification being granted).

h. *Aguayo v. Bassam Odeh, Inc.*, No. 3:13-CV-2951-B, 2014 WL 737314 (N.D. Tex. Feb. 26, 2014) (FLSA case granting partial conditional certification for overtime claims of fast food worker plaintiffs who worked under a fake name scheme).

i. *Zaborowski v. MHN Gov't Servs., Inc.,* No. C 12-05109 SI, 2013 WL 1787154 (N.D. Cal. Apr. 25, 2013) (granting nation-wide conditional certification of FLSA overtime claims for class of misclassified independent contractors).

j. *Lee v. Ctr. for Psychological Health Care, Inc.*, No. CIV.A. 12-27, 2013 WL 3864311 (M.D. La. July 24, 2013) (FLSA overtime case granting plaintiff's motion for summary judgment that plaintiff was (1) owed back overtime wages and damages, (2) that a United States Department of Labor Investigation and payment did not preclude plaintiff's claims, (3) that, with regards to calculating the regular rate, salary paid plaintiff was

5

intended to cover only 64 hours per week as opposed to all hours worked, and (4) that owners of defendant company were jointly and severally liable with company for plaintiff's FLSA damages).

k. *Zaborowski v. MHN Gov't Servs., Inc.*, 936 F. Supp. 2d 1145 (N.D. Cal. 2013) aff'd, No. 13-15671, 2014 WL 7174222 (9th Cir. Dec. 17, 2014) (FLSA overtime case involving misclassified independent contractors where district court denied defendant's motion to compel arbitration based on unconscionability).

l. *Salmans v. Byron Udell & Associates, Inc.*, No. 12 C 3452, 2013 WL 707992 (N.D. Ill. Feb. 26, 2013) (granting conditional certification in FLSA overtime case for insurance sales representatives working in several locations in different states).

m. *Jones et al. v. Supermedia, Inc.*, 281 F.R.D. 282 (N.D. Tex. 2012) (FLSA overtime case denying defendants' motion to dismiss based on mootness and subject matter jurisdiction after tendering Rule 68 offer of judgment and conditionally certifying nation-wide class of call center workers).

**B.**     **Examples of Case Results not Subject to Confidentiality Provisions**

20.     In addition to the information identified in the foregoing section on reported cases, the following is an example of results I have obtained for clients in employment law specific cases which are not subject to confidentiality agreements. However, most results in cases in employment cases in which I represented plaintiffs are subject to confidentiality agreements and cannot be disclosed here.

a. *Byron Jones, et al. v. Supermedia Inc., et al.*, Civil Action No. 3:11-cv-01467-B, In the United States District Court for the Northern District of Texas. The *Jones* case involved a FLSA collective action where the Court approved a $3,000,000 settlement for a class of approximately 350 plaintiffs and opt-in plaintiffs.

b. *Nicole Olibas, et al.* v. *John Barclay, et al.*; Civil Action No. 3:11-cv-2388-B; In the United States District Court for the Northern District of Texas. A portion of the *Olibas* case involving a class of approximately 110 truck driver plaintiffs resulted in a final judgment in the amount of approximately $3,728,608 whereas another portion of the case involving a different class of plaintiffs who worked as dispatchers settled for a confidential amount after a jury verdict in their favor, but prior to entry of judgment by the Court.

6

c. *Aguayo, et al. v. Bassam Odeh, Inc., et al.*, Civil Action 3:11-cv-02951-B, in the United States District Court for the Northern District of Texas. The case involved a group of 31 Jack in the Box fast food workers in an FLSA off-the-clock unpaid overtime wage case that resulted in a judgment in the employee's favor in the amount of $704,945.68. The case was more complex than most off-the-clock cases as the employer had the employees work overtime hours under fake names so that, on paper, it appeared that no employee was working unpaid overtime hours. The case required in excess of 40 depositions in order to fully expose the fake name scheme.

d. *Czarnecki, et al.* v. Diesel Pros, LLC, Cause No. 153-248153-10, in the 153rd Judicial District Court of Tarrant County, Texas. The case involved 10 misclassified independent contractors in an unpaid overtime wage case and resulted a jury verdict and final judgment in their favor in the amount of $248,365.59.

## III.     <u>REQUEST FOR LEGAL FEES</u>

21.    As lead counsel for Plaintiff in the above-captioned case, and on behalf of Plaintiff, I seek legal fees and costs for legal services rendered by myself and certain associate attorneys at the law firm of Baron & Budd in connection with the above-captioned lawsuit. The other attorneys who worked on this case include attorney Melinda Arbuckle ("Arbuckle") and attorney Farsheed Fozouni ("Fozouni") (collectively, including Vaught, "Attorneys"). My declaration and billing records, which include the hours, rates, and costs of all Attorneys are submitted in the Appendix in support of Plaintiff's Motion from each of the aforementioned individuals. By my testimony below, I will prove up the hours of all Attorneys, as I was their managing attorney, supervised their work, and required that the hours worked and description of that work be contemporaneously recorded and maintained.

22.    I was the supervisory attorney over Arbuckle and Fozouni during the time periods reflected in their respective time records. The time records of those Attorneys were kept contemporaneously and in the normal course of business. I have reviewed those time records and believe they are accurate and reflect work that was both reasonable and necessary in prosecuting Plaintiff's claims in this lawsuit.

7

### A.      Requested Hourly Rates

23.      As set forth in my time records, I seek an hourly rate of $400 for my legal services in representing the prevailing Plaintiff in this case. As demonstrated by the declaration of employment and labor attorney J. Derek Braziel ("Braziel"), attached to Plaintiff's Motion for Legal Fees and Costs, $400 per hour is within the customary hourly rate charged by attorneys similar to me in skill and experience for legal services in the Northern District of Texas/Fort Worth area. I request that the Court approve $400 per hour for my services. I was previously approved in May 2015 at a rate of $400 per hour in the United States District Court for the Northern District of Texas. *See Olibas, et al. v. Native Oilfield Services, LLC*, 104 F. Supp. 3d 791, 810 (N.D. Tex. 2015).

24.      Furthermore, I have reviewed the declaration of Braziel, including Exhibit 1 thereto, and concur with his opinion regarding the reasonableness of the hourly rate requested for the attorneys listed therein. Furthermore, I agree that the hourly rates for the attorneys identified in Exhibit 1 to Braziel's declaration are consistent with the customary hourly rates charged by lawyers with similar skill and experience for legal services in the Northern District of Texas/Fort Worth area. I have worked with the other lawyers in the course of representing Plaintiff in the above-captioned lawsuit, and am familiar with their work in this lawsuit in addition to the general experience and capabilities. I request that the Court approve those hourly rates for those attorneys as identified in Exhibit 1 to Braziel's declaration.

### B.      Examples of Work Performed by Attorneys

25.      The work performed by Attorneys for Plaintiff in this case was reasonable and necessary. The work performed by Attorneys in this case, as described in their respective time records/lodestar spreadsheets, includes case investigation and evaluation, preparation of

8

pleadings, legal research, motion practice, and meetings and communications with the individual Plaintiff in this case.

26.     The motion practice includes a Rule 55(a) motion for entry of default (ECF No. 11), a motion for default judgment (ECF No. 14), and the Motion for Legal Fees that this declaration supports.

## C.     *Vaught's Lodestar*

27.     Attached as **Exhibit 1** to this declaration is a true and correct copy of a spreadsheet identifying my legal services provided in the above-captioned case by date, time worked to the tenth of an hour, and a reasonable description of the corresponding work performed (the "Vaught Lodestar Spreadsheet"). The data in the Vaught Lodestar Spreadsheet was kept contemporaneously and in the normal course of business by me. I have reviewed the Vaught Lodestar Spreadsheet, and the data contained therein is accurate and reflects legal work that was both reasonable and necessary in prosecuting Plaintiff's claim in this lawsuit.

28.     As identified therein, my base lodestar amount through July 21, 2016, based on a $400 per hour billing rate is $5,840 (14.6 total hours * $400 hourly rate).

## D.     *The Master Lodestar Spreadsheet*

29.     Attached as **Exhibit 2** to this declaration is a true and correct copy of the Master Lodestar Spreadsheet (the "Master Lodestar Spreadsheet"). For the Court's convenience, a true and correct copy of that Master Lodestar Spreadsheet is also attached as **Exhibit C** to the Appendix in support of Plaintiff's Motion for Legal Fees and Costs.

30.     That Master Lodestar Spreadsheet identifies each individual working on behalf of Plaintiff in this lawsuit by name, position, hours worked to the tenth of an hour, and hourly rate. Again, the reasonableness of those hourly rates are established by the declaration of Braziel. (*See*

9

Appendix, **Exhibit B**). Each individual identified in that Master Lodestar Spreadsheet will be proved up by me as their managing attorney with their respective lodestar spreadsheet attached in support.

31.     Attorney Arbuckle's Lodestar Spreadsheet is attached to my declaration as **Exhibit 3** (the "Arbuckle Lodestar Spreadsheet"). As the supervisory attorney over Arbuckle, I attest that the hours worked and work performed by her, as identified in that spreadsheet, were both reasonable and necessary in prosecution of Plaintiff's claims in this lawsuit. As is the case with all lawyers working under my supervision, the data identified in the Arbuckle Lodestar Spreadsheet was recorded contemporaneously and in the normal course of business. I have reviewed the data in the Arbuckle Lodestar Spreadsheet and believe it is accurate.

32.     As identified therein, Arbuckle's base lodestar amount through July 21, 2016 based on a $295 per hour billing rate is $7,257.00 (24.6 total hours * $295 hourly rate).

33.     Attorney Fozouni's Lodestar Spreadsheet is attached to my declaration as **Exhibit 4** (the "Fozouni Lodestar Spreadsheet"). As the supervisory attorney over Fozouni, I attest that the hours worked and work performed by him, as identified in that spreadsheet, were both reasonable and necessary in prosecution of Plaintiff's claims in this lawsuit. As is the case with all lawyers working under my supervision, the data identified in the Fozouni Lodestar Spreadsheet was recorded contemporaneously and in the normal course of business. I have reviewed the data in the Fozouni Lodestar Spreadsheet and believe it is accurate.

34.     As identified therein, Fozouni's base lodestar amount through July 21, 2016 based on a $125 per hour billing rate is $237.50 (1.9 total hours * $125 hourly rate).

35.     As this litigation may continue, if the defense is granted leave to file an answer, Plaintiff's legal fees could increase. Plaintiff's Counsel respectfully request the opportunity to

further request and brief such additional fees incurred after the filing of this Motion at a time to be determined by the Court.

### 1. **The Base Lodestar**

36.     Based on the hours worked and hourly rate for each individual identified in the Master Lodestar Spreadsheet, which is in line with the declaration of Braziel described above, the Base Lodestar amount (total hours * hourly rate) is shown in the Master Lodestar Spreadsheet. From that Base Lodestar Amount, a reduction for billing judgment and clerical work which may have been included in Plaintiff's Counsel's billing records is made as shown in the Master Lodestar Spreadsheet and described below to arrive at the Adjusted Lodestar amount.

### 2. **The Adjusted Lodestar**

37.     The last column in the Master Lodestar Spreadsheet identifies the Adjusted Lodestar, which is the amount Plaintiff and his counsel request the Court adopt as the lodestar in this case and legal fees owed by Defendant. The Adjusted Lodestar is calculated by making the following reductions from the Base Lodestar.

### a.     **10% Reduction for Billing Judgment**

38.     I managed the Attorneys of Baron & Budd in the prosecution of this case in a reasonably efficient manner. I delegated work to junior Attorneys with lower hourly rates than mine where I believed it reasonable to do so.

39.     Attorneys exercised billing judgment, not only in limiting services rendered by Attorneys to those that were both reasonable and necessary in prosecuting this case, but also by voluntarily reducing by 10% the hours incurred by all lawyers working on this case for Plaintiff to further demonstrate billing judgment. That 10% reduction from the Base Lodestar is identified in the Master Lodestar Spreadsheet.

11

App. p. 11

40.     None of the other *Johnson* factors warrant an increase or decrease in the adjusted lodestar at this stage of the lawsuit.

## IV.     **REQUESTS FOR COSTS**

41.     Baron & Budd has expended costs in this default judgment action. Those costs are itemized in the attached Statement of Costs and total $771.29. (Exhibit 5 (the "B&B Statement of Costs")). For the Court's convenience, a true and correct copy of that B&B Statement of Costs is also attached as Exhibit D to the Appendix in support of Plaintiff's Motion.

42.     The $771.29 cost is for recoverable filing fees and courier fees. While total out of pocket costs today total almost $1,496.91 (*i.e.* service of summons fees, postage fees, legal research fees, *etc.*), only those recoverable as costs under the FLSA are requested here. I have reviewed the B&B Statement of Costs and believe that the costs identified therein represent reasonable and necessary expenses recoverable under the FLSA that were incurred by Baron & Budd in successfully prosecuting this case on behalf of Plaintiff to date.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED this 22nd day of July, 2016, in the City of Dallas, in the State of Texas.


_____
ALLEN R. VAUGHT

12

# EXHIBIT 1

**Vaught Lodestar Noise Attenuation**

| Date | Time | Description |
|------|------|-------------|
| 2/25/2016 | 0.8 | Conf client. |
| 2/25/2016 | 0.6 | Res venue options for FLSA case. |
| 2/28/2016 | 0.7 | Evaluate earnings statements from client. |
| 2/28/2016 | 3.2 | Prep original complaint. |
| 2/29/2016 | 2.4 | Finalize and file original complaint. |
| 2/29/2016 | 0.8 | Review standing orders for U.S. District Judge John McBryde. |
| 2/29/2016 | 0.3 | Review local rules re filing of paper copies. |
| 2/29/2016 | 0.3 | Rec & rvw ECF No. 3 from the Court re procedures to follow. |
| 2/29/2016 | 0.5 | Prep for filing and file certificate of interested parties. |
| 3/1/2016 | 0.4 | Rec and review ECF No. 8 from Court re paper filing. |
| 3/1/2016 | 0.4 | Prep for filing and file paper copy of original complaint per ECF Nos. 3 & 8. |
| 3/1/2016 | 0.2 | Direct delivery of ECF No. 3 to Defendant by certified mail, return receipt requested. |
| 3/1/2016 | 0.5 | Review U.S. District Judge McBryde's req on proof of service of citation and ensure compliance. |
| 5/2/2016 | 0.3 | Conf client informing me that Armando Gutierrez Sr is not dead. |
| 5/2/2016 | 0.4 | Case strategy conference. |
| 6/7/2016 | 0.2 | Final review of Motion for Entry of Default - Clerk |
| 6/29/2016 | 0.9 | Review and revise damages spreadsheet based on earnings statements and client facts. |
| 6/29/2016 | 0.8 | Revise proposed declaration for client. |
| 7/7/2016 | 0.4 | Review, revise and sign revised motion for default judgment. |
| 7/21/2016 | 0.5 | Final review of Motion for Legal Fees |

| | |
|---|---|
| **Total Hours** | 14.6 |
| **Rate** | $400.00 |
| **Total Fees** | $5,840.00 |

# EXHIBIT 2

## MASTER LODESTAR SPREADSHEET

| BARON & BUDD | | | | Base Lodestar | Billing Jgmnt/Cler Write-Off % | Adjusted Lodestar |
|---|---|---|---|---|---|---|
| Name | Position | Hours | Rate | Total | | |
| Allen Vaught | Attorney (19 years) | 14.6 | $400 | $5,840.00 | 10% | $5,256.00 |
| Melinda Arbuckle | Attorney (4 years) | 24.6 | $295 | $7,257.00 | 10% | $6,531.30 |
| Farsheed Fozouni | Attorney (<1 year) | 1.9 | $125 | $237.50 | 10% | $213.75 |
| Total | | | | | | |
| TOTAL LODESTAR | | | | $13,334.50 | | $12,001.05 |

# EXHIBIT 3

**Arbuckle Lodestar Noise Attenuation**

| Date | Time | Description |
|------|------|-------------|
| 1/13/2016 | 0.2 | Rec and rsp to email from AV re: initial case analysis |
| 2/12/2016 | 0.5 | Run initial conflict check |
| 2/29/2016 | 0.2 | rev NEF re case filing - Judge assigned |
| 2/29/2016 | 0.5 | rev McBryde standing order |
| 2/29/2016 | 1.2 | draft/prep initial case docs incl notice of consent, request for summons |
| 2/29/2016 | 0.3 | case strategy conf re conditional certification |
| 2/29/2016 | 0.6 | assist with prep of initial case docs for hand filing, draft letter to clerk |
| 2/29/2016 | 0.7 | draft affidavit re service - conf w process server |
| 2/29/2016 | 0.2 | direct SP to mail SO to opposing party |
| 3/1/2016 | 0.2 | rev email from AV attaching McBryde Order |
| 3/1/2016 | 0.4 | rev Order 8 striking Cmpt |
| 3/1/2016 | 0.3 | revise Original Complaint - prep for hand filing |
| 3/1/2016 | 0.5 | revise draft affidavit re service - conf w process server |
| 3/1/2016 | 0.2 | rev email from AV re transmission of SO to opposing party |
| 3/1/2016 | 0.3 | case strategy conf |
| 3/1/2016 | 0.1 | rev NEF re complaint hand filed |
| 3/2/2016 | 0.5 | conf with process server re location of party |
| 3/9/2016 | 0.3 | further conf re location of party |
| 3/15/2016 | 0.3 | service issues - information that registered agent is deceased |
| 3/28/2016 | 1.1 | research service of process - appropriateness of SOS |
| 5/3/2016 | 0.2 | rev FF research re location of party - arrest record |
| 5/3/2016 | 0.5 | conf with new process server, FF re service |
| 5/6/2016 | 0.2 | rec email from new process server re service effectuated |
| 5/6/2016 | 0.4 | follow up - issue with service |
| 5/9/2016 | 0.5 | T/C w new process server re status of service |
| 5/11/2016 | 0.2 | rec email from new process server - service complete |
| 5/11/2016 | 0.2 | T/C w process server re fee - needed for affidavit |
| 5/11/2016 | 0.6 | final review and prep of notice of service for hand filing |
| 5/25/2016 | 0.7 | rev clt file in prep of calculating damages |
| 6/7/2016 | 0.2 | rev email from AV re ME Def - Clerk |
| 6/7/2016 | 2.1 | draft Mot for Entry of Def - Clerk, prep for hand filing |
| 6/7/2016 | 0.2 | rev Order 12 entering Def |
| 6/29/2016 | 0.5 | damage calculation |
| 6/29/2016 | 2 | draft declaration of Eric Pedroza |
| 6/29/2016 | 0.7 | rev damages and declaration of Eric Pedroza |
| 6/29/2016 | 0.2 | T/C w Eric Pedroza |
| 7/6/2016 | 2.7 | draft motion for default judgment - prep for hand filing |
| 7/7/2016 | 1.3 | rev motion for default judgment per AV corrections |
| 7/8/2016 | 0.3 | final review of default judgment and prep for hand filing |
| 7/11/2016 | 0.2 | rev AV hours, request hours from timekeepers |
| 7/21/2016 | 2.1 | draft motion for legal fees |

| | |
|------|------|
| **Total Hours** | **24.6** |
| **Rate** | **$295.00** |
| **Total Fees** | **$7,257.00** |

# EXHIBIT 4

**Fozouni Lodestar Noise Attenuation**

| Date | Time | Description |
|------|------|-------------|
| 4/25/2016 | 0.4 | case strategy conf |
| 5/2/2016 | 0.7 | Conduct Criminal Background Check on Defendant |
| 5/3/2016 | 0.2 | E-mail to process server re - please serve officer Terri Gutierrez |
| 5/6/2016 | 0.6 | conf with process server re service completed |

| | |
|------|------|
| **Total Hours** | 1.9 |
| **Rate** | $125.00 |
| **Total Fees** | $237.50 |

# EXHIBIT 5

**Noise Attenuation Case**
**B&B Statement of Costs**

| Reason for Expense | Amount | Recovered | Outstanding |
|---|---|---|---|
| Courier Fee - file Complaint | $304.31 | $0.00 | $304.31 |
| Filing Fee - Original Complaint | $400.00 | $0.00 | $400.00 |
| Courier Fee - file Motion | $66.98 | $0.00 | $66.98 |
| **Total Costs:** | | | $771.29 |

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIC PEDROZA, On Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:16-cv-00164-A |
| NOISE ATTENUATION CONSTRUCTION, LLC | § § § | |
| Defendant. | § § | |

## DECLARATION OF J. DEREK BRAZIEL

I, J. Derek Braziel, declare as follows:

1.     I am a partner at Lee & Braziel, LLP ("L&B"). The statements in this declaration are based on personal knowledge and I would so testify if called as a witness.

2.     I graduated magna cum laude from Baylor University in 1992, where I received a Bachelor of Business Administration in Marketing and Quantitative Business Analysis (Business Statistics). I attended the University of Virginia Law School from 1992 to 1995, where I served as the Chief Justice for the Law School's Moot Court Program. After graduating from law school, I clerked for the Honorable Howell Cobb, United States District Judge for the Eastern District of Texas.

3.     For the first six years after I finished my clerkship with Judge Cobb, I worked for the nation's largest Labor and Employment law firm, Littler Mendelson. At Littler, I specialized in Fair Labor Standards Act ("FLSA") litigation and worked on a variety of class and collective actions. After leaving Littler in 2002, I began representing employees in overtime class and

1

collective actions. Since that time, I have represented thousands of workers and recovered millions of dollars on behalf of my clients.

4.      I have been lead counsel in over 150 overtime cases. Because of the confidential nature of most of the settlement agreements, I am limited in what I can openly state, but I have been involved in several collective and class actions for unpaid overtime ranging between 5 and 10 million dollars, with some in excess of 50 million dollars.

5.      In addition to being an active litigator, I have long been involved in many educational and legal groups, including the National Employment Lawyers Association, and the Dallas Bar Association (Chair of the Labor and Employment Law Section in 2008). I have written articles for a variety of legal publications and have had articles printed and distributed in several publications, including the Dallas Bar Journal, and the ABA Treatises, Wage and Hour Laws, A State-by-State Survey, and The Fair Labor Standards Act, where I serve on the editorial board and am former Associate Editor-in-Chief of the supplement to that treatise. I have also prepared materials for several American Bar Association and Texas Continuing Legal Education presentations programs. In addition to authoring articles on a variety of employment and litigation-related subjects, I have lectured on FLSA and overtime matters at meetings, conferences, and MCLE programs sponsored by the National Employment Lawyers Association, the Dallas Bar Association, the Fort Worth Bar Association, the South Texas College of Law, and the American Bar Association.

6.      I have been recognized by as a SuperLawyer from 2002 to present. I have been recognized by my local peers as one of the Best Attorneys in Dallas since 2004-2012.

7.      I am familiar with the legal skills and competence of Allen Vaught ("Vaught"), as I have worked with him in a FLSA collective action case as co-counsel. That case is *Tony Winkler,*

2

*et al. v. Sunbelt Rentals, Inc.*, Civil Action No. 3:12-cv-03789-B, United States District Court for the Northern District of Texas. Additionally, I was permitted to testify as an expert witness in support of Vaught's legal fees in August 2012 in a case styled *Czarnecki, et al., v. Diesel Pros, L.L.C.*, Cause No. 153-248153-10, in the District Court of Tarrant County, Texas, 153rd Judicial District. The court in that case granted Vaught's fee request in its entirety after the jury returned a verdict in favor of Plaintiffs represented by Vaught and his co-counsel, Oberti Sullivan, LLP.

8.     I have reviewed the operative complaint in the above-captioned case and I am familiar with the legal issues present in this case. I understand that this case involves claims by an individual plaintiff for unpaid overtime wages under the FLSA. Based on personal experience, I am familiar with the type of work typically required to prosecute FLSA cases such as this.

9.     Attached as **Exhibit 1** to my declaration is a spreadsheet of the hourly rates I understand that Plaintiff's counsel in the above-captioned case are seeking in connection with establishing their lodestar hourly rates. That spreadsheet also identifies the years of experience claimed by those lawyers. Based on knowledge of the rates charged by attorneys with the same experience and skills as Plaintiffs' counsel in the Fort Worth Division of the Northern District of Texas, I believe the hourly rates requested by Plaintiffs' counsel as identified in **Exhibit 1** hereto are well within the customary rates charged/received by similar attorneys in that market. In fact, they may be slightly lower than the market rate as my billable rate with 21 years of experience is $495 per hour.

3

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct."

EXECUTED this 21 day of July, 2016, in the City of Dallas, and the State of Texas.

_____
J. DEREK BRAZIEL

4

# EXHIBIT 1

## MASTER LODESTAR SPREADSHEET

| BARON & BUDD | | | | Base Lodestar | Billing Jgmnt/Cler Write-Off % | Adjusted Lodestar |
|---|---|---|---|---|---|---|
| Name | Position | Hours | Rate | Total | | |
| Allen Vaught | Attorney (19 years) | 14.6 | $400 | $5,840.00 | 10% | $5,256.00 |
| Melinda Arbuckle | Attorney (4 years) | 24.6 | $295 | $7,257.00 | 10% | $6,531.30 |
| Farsheed Fozouni | Attorney (<1 year) | 1.9 | $125 | $237.50 | 10% | $213.75 |
| Total | | | | | | |
| TOTAL LODESTAR | | | | $13,334.50 | | $12,001.05 |

# EXHIBIT C

## MASTER LODESTAR SPREADSHEET

| BARON & BUDD | | | | Base Lodestar | Billing Jgmnt/Cler Write-Off % | Adjusted Lodestar |
|---|---|---|---|---|---|---|
| Name | Position | Hours | Rate | Total | | |
| Allen Vaught | Attorney (19 years) | 14.6 | $400 | $5,840.00 | 10% | $5,256.00 |
| Melinda Arbuckle | Attorney (4 years) | 24.6 | $295 | $7,257.00 | 10% | $6,531.30 |
| Farsheed Fozouni | Attorney (<1 year) | 1.9 | $125 | $237.50 | 10% | $213.75 |
| Total | | | | | | |
| TOTAL LODESTAR | | | | $13,334.50 | | $12,001.05 |

# EXHIBIT D

**Noise Attenuation Case**
**B&B Statement of Costs**

| Reason for Expense | Amount | Recovered | Outstanding |
|---|---|---|---|
| Courier Fee - file Complaint | $304.31 | $0.00 | $304.31 |
| Filing Fee - Original Complaint | $400.00 | $0.00 | $400.00 |
| Courier Fee - file Motion | $66.98 | $0.00 | $66.98 |
| **Total Costs:** | | | $771.29 |